H. E. TAYLOR v. W. L. CAMPBELL, EX'R, ETC.

(Case No. 4730.)

1. STATEMENT OF FACTS — AGREEMENT OF COUNSEL. — When, on appeal, the transcript contains an agreement signed by counsel for the parties, of facts which they consented might be offered in evidence, but which does not purport to be a statement of facts signed by counsel and approved by the judge, and there is nothing to show that it was ever in fact offered in evidence, it will be disregarded. When, on such appeal, there appears no statement of the conclusions of law and fact found by the judge, and there is nothing to show that it was an agreed case under art. 1414, R. S., there being no statement of facts, the presumption is that the judgment below was proper.

2 STALE DEMAND. — When a right of action accrued to enforce specific performance of a contract for the sale of land in 1861, and suit was not brought until 1880, and no excuse given for not sooner bringing it, it was held that the demand was stale, and that no performance could be decreed. In the absence of a statute, the longest period of limitations prescribed as a bar to real actions it would seem should bar an action for specific performance.

APPEAL from Collin. Tried below before the Hon. Joseph Bledsoe.

Taylor brought this suit for specific performance of a written contract between appellee's testate, Jacob Ruth, and Howell & Ragsdale, dated June 8, 1857, alleging that in consideration of Howell & Ragdale having located and paid the expenses of the survey and location of a specified six hundred and forty acres of land by virtue of certificate issued to Wm. M. Williams, and the further consideration of procuring the patents and paying the expenses thereof, Ruth bound himself to convey to Howell & Ragsdale, as soon as patents could be obtained, one hundred and sixty acres of the land, and charged that Howell & Ragsdale performed their part of the agreement, located surveys, paid the expenses and procured the patents to issue to Jacob Ruth, appellee's testate, on the 26th day of June, 1861, and that he was the legal and equitable owner and holder of the contract and land by regular chain of transfer from Howell & Ragsdale down to himself, for a valuable consideration paid, and that Ruth afterwards died.

He further charged that Ruth, in his life-time, and his executor since his death, had failed and refused to execute to Howell & Ragsdale or their assigns a deed in compliance with his agreement, etc.

It was agreed, in the manner stated in the opinion, that Jacob Ruth and Howell & Ragsdale entered into a written agreement as alleged in petition; that Howell & Ragsdale located and surveyed the land, returned the field notes to the general land office, and performed their agreement, except procuring patents and delivering them to Jacob Ruth; that the lands were patented by virtue of their location and survey June 26, 1861, and that there was a regular and legal chain of title thereto from Howell & Ragsdale down to H. E. Taylor, bearing date prior to the institution of this suit.

*Throckmorton & Brown*, for appellant, cited Hemming *v.* Zimmerschitte, 4 Tex., 166; Gibbons *v.* Bell, 45 Tex., 424; Reed *v.* West, 47 Tex., 248; Bell *v.* Warren, 39 Tex., 110.

*R. R. Craig*, for appellee.

STAYTON, ASSOCIATE JUSTICE.— This action was brought for the specific performance of a contract to convey land, alleged to have been made between Howell & Ragsdale and Jacob Ruth on the 8th day of June, 1857. The appellant claims as the assignee of Howell & Ragsdale. Among other defenses the defendant pleaded a general denial, which imposed upon the appellant the necessity of proving his case. The cause was tried without a jury, and, as the judgment shows, upon the evidence.

There is in the transcript an agreement, signed by counsel for the respective parties, of facts which it was agreed might be offered in evidence; but there is nothing to show that this agreement was offered in evidence on the trial of the cause, and it does not purport to be a statement of the facts signed by counsel and approved by the judge who tried the cause. It does not even bear a file-mark showing that it was a paper in the case.

There is no statement of the conclusions of law and fact found by the court as permitted by art. 1333, R. S.; nor does the record exhibit an agreed case under art. 1414, R. S.

In this state of the transcript we cannot recognize the agreement of counsel as a statement of facts. Curry v. York, 3 Tex., 359; Smith v. Tucker, 25 Tex., 604; Frost v. Frost, 45 Tex., 338; Wampler v. Walker, 28 Tex., 598; Witten v. Poindexter, 25 Tex. Sup., 378; Cross v. Crosby, 42 Tex., 114; Johnson v. Blount, 48 Tex., 38.

As the case is presented by the transcript, it must be presumed that the plaintiff failed to make such proof as would sustain his case, or that the proof for the defendant destroyed the case; hence this court cannot revise the action of the court below upon the assignments of error made, all of which are based upon alleged errors of the court in its findings upon the testimony.

We deem it proper, however, to say that if we could consider the agreement of counsel as a statement of facts, it would not change the result. The delay of more than twenty years after the cause of action, by the exercise of ordinary diligence, would have accrued, the most of the parties to the original agreement being dead, is not sufficiently excused.

A suit might have been brought in 1861, and, by the exercise of diligence in procuring the patents, even earlier. Yet no action was brought until December 16, 1880, nor is any excuse given for not sooner instituting it.

The statute now makes ten years the period which will bar an action for the specific performance of a contract to convey real estate (R. S., 3209), and it would seem that, in the absence of a statute, the longest period of limitation prescribed as a bar to real actions ought to bar an action for specific performance, unless some good reason for the delay in bringing the suit is shown.

The judgment is affirmed.

                                            AFFIRMED.

[Opinion delivered April 24, 1883.]