### M. L. MCDOWELL V. JOHN FOWLER.

No. 7005.

1.  **Agreement of Counsel not in Statement of Facts.** — An agreement not having been incorporated into a statement of facts can not be considered on appeal.

2.  **Same—Case Adhered to.**—Taylor v. Campbell, 59 Texas, 315, adhered to.

APPEAL from Jack.  Tried below before Hon. J. W. Patterson. The opinion states the case.

*Taylor & Bell*, for appellant.

No brief for appellee has reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought in the court below by the appellant against appellee. There was a trial before the court without a jury and a judgment for the defendant.

There is neither a bill of exceptions nor a statement of facts in the record, and the only assignment of error is in effect that the court erred in rendering judgment for the defendant.  There is a written agreement purporting to be signed by the attorneys for both parties, in which it is stipulated in substance that the sole question in the case is as to the proper construction of a power of attorney from G. W. Fisher to one Mounts, a copy of which is attached to the agreement.  If the power of attorney was sufficient to authorize Mounts to convey Fisher's interest in the land in controversy the judgment was to be for the plaintiff, otherwise it was to be for the defendant.  The agreement not having been incorporated into a statement of facts can not be consid-

ered. Taylor v. Campbell, 59 Texas, 315. Neither does the agreement comply with the statute which provides for an agreed case. Id. Without a bill of exceptions or a statement of facts the judgment must be presumed to be correct.

The assignment of error is too general, but if the construction of the power of attorney were erroneous the error was probably of that fundamental character which would require a consideration of the ruling without a specific assignment, provided the question had been properly presented by bringing up a statement of facts.

There being no error made manifest by the record the judgment is affirmed.

*Affirmed.*

Delivered April 24, 1891.