## T D. BULL ET AL. V. G. A. JONES.

### No. 1367.

Trial of Right of Property—Claimant's Bond for Property which Proves to be Realty—Liability of Sureties.—B. filed a claimant's bond in trial of right of property, and took into possession, as personal property, an engine and certain gin fixtures, his claim of title to which depended upon a sale thereof to him under an attachment levied upon them as personal property. It was adjudged that they were in fact realty, and that B. therefore had no title or valid claim thereto; and as the property was not forthcoming, summary judgment under the statute for its value and damages was rendered against B. and the sureties on his claim bond. *Held:*

1. That the statute which authorizes the giving of a bond for the trial of the right to personal property does not authorize the summary judgment provided for therein where the property claimed is in fact real estate.

2. The adverse party having obtained his judgment against B., the claimant, on the ground that the property was realty, can not treat it as personalty for the purpose of entering up judgment against the parties to the bond.

APPEAL from Eastland.   Tried below before Hon. T. H. CONNER.

*Frost, Hunt & Schmick* and *Lanham & McCall,* for plaintiffs in error.

*R. B. Truly* and *Bell & Randolph,* for defendant in error.

HEAD, ASSOCIATE JUSTICE.—This is a proceeding for the trial of the rights of property under our statute. The subject of the controversy is an engine and gin machinery which formerly belonged to J. S. Jones. Plaintiff in error Bull claims under an attachment and sale of the machinery as personal property. Appellee claims under a foreclosure and sale of the land upon which the machinery was situated, as real estate.

Upon a former appeal of the case, reported in 85 Texas, 136, under the style of Jones v. Bull, the machinery was held to be real estate, and the superior title to be in Jones, and the cause was reversed and remanded for a new trial.

Upon the second trial, judgment was rendered in favor of Jones, against Bull and the securities on his claim bond, for the value of the property and the 10 per cent statutory damages. The record shows that this judgment (which is the one now in question) was based upon the ground that the machinery in question was real estate, and that

therefore no title passed to Bull under his sale thereof as personal property.

We are of opinion, that our statute which authorizes the giving of a bond for the trial of the right to *personal property* does not authorize the summary judgment provided for therein where the property claimed is in fact real estate.

In Jacobs, Bernheim & Co. v. Shannon, 1 Texas Civil Appeals, 399, we said: "We think the court erred in this charge in telling the jury that the plaintiffs in the suit for the trial of the right of property had the right to take judgment against the security on the claimant's bond, if there was only one. Plaintiffs could take this summary judgment only upon a statutory bond, but if a recovery should be sought upon such bond as a common law obligation, suit would have to be brought thereon in the regular way;" citing Bank v. Lester, 73 Texas, 542, and Jacobs v. Daugherty, 78 Texas, 682.

It seems well settled that the common law action of replevin will not lie to recover property affixed to the freehold, and made part thereof. 20 Am. and Eng. Encyc. of Law, 1061.

As to whether or not defendant in error could recover in a proper proceeding upon the bond executed by plaintiffs in error as a common law obligation, we need not decide, as the question is not here presented; but will call attention to the cases in 73 and 78 Texas, above cited, as having some bearing thereon.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 12, 1894.

ON MOTION FOR REHEARING.

HEAD, ASSOCIATE JUSTICE.—Defendant in error, to obtain a rehearing, mainly relies upon two grounds: 1. That in the absence of a statement of facts, we erred in treating the record as sufficient to show that the property in controversy was real estate. 2. That we erred in not holding plaintiffs in error estopped to deny that the subject matter of the controversy was personal property, they having filed claim bond so describing it.

The proper construction to be placed upon the record gave us considerable difficulty in our first disposition of the case. Defendant in error, in his tender of issues filed some time after the execution of the claim bond relied upon as an estoppel, makes the following allegations:

"Plaintiff avers, that at the time of the pretended levy of defendant's attachment, by virtue of which he claims the property herein, plaintiff was in the actual possession and control of the property pretended to have been levied upon, had been in such possession and control long prior thereto, and has ever since been in possession, using, controlling, and enjoying the same. Plaintiff further shows to the

court, that the engine, gin, press, etc., pretended to have been levied upon, sold, and claimed by the defendant herein, were at the time of said pretended levy fixtures annexed permanently to the land and free-hold upon which they were at first placed, erected, and situated, had long prior to said time been fixtures to the realty, have never been severed therefrom, and are still the same. * * * And further, plaintiff shows to the court that defendant never at any time had any attachment levied upon the property claimed by him in this suit, for this: (1) because the several articles thereof were fixtures and real estate at the time of the pretended levy; (2) because if defendant contends, or the court should hold, that the same was not real estate, or fixtures thereon, that nevertheless there was no legal or valid levy thereon, because plaintiff was in actual possession and control of said property at the time of said pretended levy, as it was then annexed to and made a part of the realty by law, that the officer who pretended to make said levy did not sever or separate the property pretended to have been levied upon from the realty, or from the house or houses or sheds in which the same was situated, did not seize and take actual possession of the same, and in fact made no levy thereon as required by law for a levy upon personal property, but permitted plaintiff, as he had been theretofore, to keep and retain actual possession and control of said property, as he has ever since and theretofore held. Plaintiff further shows to the court, that said property was never at any time taken out of his possession or control by defendant or any other person, but is still used, controlled, and enjoyed by him, and has been in his actual possession for more than two years prior to the institution of this suit."

The judgment which was rendered by the court below contains the following recitals: "This day this cause having been regularly called for trial, both parties appeared and announced ready for trial, and by mutual agreement the jury which had heretofore been demanded was waived, and all issues, both as to the questions of law and of fact, were submitted to the court. Thereupon the parties in open court admit and agree, that all the facts set out in the statement of facts in this cause filed, which were on a former trial of this cause introduced in evidence and passed upon and decided by the Supreme Court and a jury of this court, shall be and become and are adopted and admitted as evidence true and correct upon this trial," etc. Then follows a judgment in favor of defendant in error against plaintiff in error Bull and the securities on his claim bond for the value of the property in controversy.

The opinion of the Supreme Court referred to in this judgment is contained in the transcript, and the evidence upon which the same was rendered is fully set out therein, and the judgment heretofore rendered in favor of plaintiffs in error was reversed upon the sole ground that the undisputed evidence showed the property in controversy to have been real estate.

Under these circumstances, we are still of the opinion that we must treat the record as showing that the judgment of the court below was in favor of defendant in error, upon the ground that the property described in the claim bond and affidavit was realty, and not personalty. Bomar v. West, 28 S. W. Rep., 519.

In fact, in view of the distinct and positive allegations contained in defendant in error's pleading, to the effect that the property was fixtures, and had never, up to the time of his tender of issues in this case, been severed from the realty, it does not occur to us that a judgment in his favor could be sustained upon any other ground.

As to whether or not plaintiffs in error should be held estopped to deny that the property was personalty, by reason of the fact that they gave bond for it as such, we are of opinion that, had they attempted such denial, the principle contended for by defendant in error might perhaps have been applied to them, but it must be borne in mind that they have all the time asserted the property to be personal and not real, and it is the defendant in error who asserted and maintained the opposite view. It is he, therefore, who asks that, for the purpose of maintaining his title, he be allowed to prove that the subject matter of the controversy was realty; but for the purpose of entering up the judgment in his favor, it must be treated as personalty.

The question then presented is, are the sureties upon a claim bond given under our statute for the trial of the right to personal property, subject to the statutory judgment prescribed in that proceeding, where the property is recovered from their principal upon the ground that it is real estate?

We have found no case directly in point, but upon principle we are constrained to adhere to our former opinion, holding that they are not.

In Ewell on Fixtures, 417, it is said: "A writ of replevin, however, is effectual for the delivery of personal property only, and furnishes no justification to an officer who under it severs and delivers part of the realty." This seems to be the rule everywhere. 5 Wait's Ac. and Def., 467.

A party whose rights are thus wrongfully invaded is, then, not without his remedy. He can sue the officer, and perhaps the principal and sureties on the replevin bond, in a proper case, for the trespass. We have, however, found no case which holds that he would have the right to proceed with the trial of the title to real estate in a statutory proceeding provided for the trial of the right to personal property only, and upon recovering, have a judgment rendered for the value and return of land, as though it were personal property. If this could be done, the title to land might be adjudicated in a court having no jurisdiction whatever thereof.

Should the facts justify, and the defendant in error should desire to change his pleading and show that, notwithstanding the property was real estate at the time of the sales under which the parties respectively claim, yet it had been severed therefrom and become personalty,

under circumstances that would make the principal and sureties on the claim bond liable to the statutory judgment, he will have an opportunity to do so.

We will also call attention to the fact that the record is very indefinite as to the nature of the process under which the officer was acting at the time the bond for the trial of the right of property was given.

The motion for rehearing will be refused.

*Overruled.*

Delivered January 23, 1895.