## MUNRO SMITH *vs.* THE HALLWOOD CASH REGISTER COMPANY.

*Practice Act of Baltimore City—Incorporating Contract Sued on in the Declaration is a Filing of Contract—Appeal.*

The Practice Act of Baltimore City (Act of 1898, ch. 123, secs. 312 and 313) provides that the plaintiff in an action on a contract shall be entitled to a speedy judgment if he makes affidavit to his claim and if he shall file with his declaration the bond, promissory note or other writing or account by which the defendant is indebted, unless the defendant's pleas be good and be verified by a certain affidavit. In this case the plaintiff sued on a written contract signed by the defendant and certain promissory notes executed by him. The contract was set forth in full in the declaration and the notes were filed with it. Defendant's

affidavit to his pleas was defective under the statute and plaintiff obtained a judgment by default which defendant moved to strike out because the writing by which it was alleged in the declaration that the defendant was indebted was not filed with the declaration. The appeal was taken from an order overruling this motion. *Held*, that the incorporation of the contract sued on in the body of the declaration was a filing of the contract with the declaration within the true meaning of the statute.

Orders passed by a trial Court cannot be brought up for review in this Court by means of an agreement of counsel, but must form part of bills of exception or of the duly certified record.

Appeal from Baltimore City Court (Sharp, J,)

The cause was submitted to the Court on briefs by:

*John C. Rose*, for the appellant.

*James J. McNamara*, for the appellee.

Schmucker, J., delivered the opinion of the Court.

This appeal presents for our consideration a question of practice under chapter 184 of the Acts of 1886 which provides for obtaining speedy judgments in certain classes of actions in the Courts of Baltimore City. The Act with some amendments was re-enacted in sections 303 to 319 of the present charter of Baltimore City.

Section 167 of the Act, being sec. 312 of the charter, provides that in any suit when the cause of action is a contract the plaintiff if he makes affidavit, as thereinafter stated, shall be entitled to a judgment on a motion in writing at any time after fifteen days from the rule day to which the defendant shall have been summoned although the defendant may have pleaded unless such plea contains a good defense and unless the defendant or some one in his behalf shall under oath or affirmation state that every plea so pleaded is true *"and shall further state the amount of the plaintiff's demand, if anything, admitted to be due or owing and the amount disputed"* * * * *.

Section 313 of the charter provides that the plaintiff shall not be entitled to judgment under the preceding section unless

at the time of bringing his action he shall file with his declaration an affidavit or affirmation "stating the true amount the defendant is indebted to him over and above all discounts, and shall also file the bond bill of exchange, promissory note or other writing or account by which the defendant is so indebted." * * * *

The cause of action in the present suit consists of a written contract signed by the appellant and several of his promissory notes given in connection with the contract:

The appellee, as plaintiff below, instituted the suit against the appellant in the Baltimore City Court on October 12th, 1901. The plaintiff declared upon the notes and contract and also upon the common money counts. The original contract was incorporated into and made part of the declaration and the original notes were annexed to and filed with it. There was also annexed to and filed with the declaration an affidavit, in the form prescribed by sec. 313, stating that the sum of $160 was due from the defendant on the annexed agreement and promissory notes over and above all discounts.

On October 25th, 1901, which was within the time provided by the Code, the defendant filed the general issue pleas verified by his affidavit. This affidavit was in proper form in all respects except that it failed to state "the amount of the plaintiff's demand if anything admitted to be due and owing and the amount disputed."

On October 30th, 1901, on the written motion of the plaintiff, a judgment by default for want of a sufficient affidavit to the pleas was entered against the defendant, and was extended by the Court upon satisfactory proof, for $160 with interest and costs.

On November 26th, 1901, the defendant moved the Court to strike out the judgment "because the writing by which the defendant was alleged in the declaration and affidavit to be indebted to the plaintiff was not also filed by the plaintiff, and the plaintiff was therefore not entitled to demand an affidavit of defense to the defendant's pleas, and was not entitled to a judgment against the defendant for want of such affidavit of

defense to his said pleas." This motion was overruled on October 27th, 1902, by the order from which the present appeal was taken.

It is admitted upon the briefs of both the appellant and the appellee that the real question presented by the record is whether the incorporation of the agreement constituting the cause of action into the body of the declaration which was filed at the institution of the suit was a filing of that agreement within the meaning of sec. 313. In our opinion this question must be answered in the affirmative. All that the statute requires in such cases is that the agreement should be filed with the declaration at the time of bringing the action. It would be a convenient and appropriate method of filing the original written cause of action to attach it to the declaration or to file it as a separate paper in the case. But as the very purpose and function of the declaration is to set forth the cause of action, and, when that consists of a written instrument, it often becomes necessary to state either its contents or its substance and purport, it would present no impropriety from the standpoint of pleading or the intent of the statute to incorporate the instrument itself into the declaration when it is convenient to do so.

The object of the statute, was said by this Court in *Thillman* v. *Shadrick*, 69 Md. 530, when construing the very sections now ander consideration, to be "to obtain from both plaintiff and defendant a definite and sworn statement of both the claim and defense (if any) so that the parties might know exactly wherein they differed and shape their action accordingly." The purpose of the statute as thus defined is gratified as fully by incorporating the written cause of action in the declaration as by filing it with that pleading and therefore such incorporation must be regarded as a compliance with the terms of the law.

The case of the *City Passenger R. R. Co.* v. *Nugent*, 86 Md. 362, cited on the brief of the appellant is quite distinguishable from the one now under consideration. In *Nugent's case* we held that a prayer by a plaintiff for a jury trial should not

be incorporated in the body of the declaration because it was a distinct step in the case relating only to the mode of trial and had no concern with the declaration and because a wtthdrawal of the declaration by leave of Court would have withdrawn the election for a trial by jury, although the rules of Court forbid the withdrawal of such an election without the consent of both parties. For those and other reasons we held that it was the obvious intent of the rule of Court regulating an election for a trial by jury that the election should be a separate and independent act evidenced by a writing distinct from the pleadings.

The reasoning which in that case we applied to an election of a jury trial has no bearing upon the construction of the statutory requirement that the written cause of action which forms the basis of the declaration should be filed "at the time of bringing the action." The statute does not prohibit the incorporation of the original cause of action in the declaration if it is of such a character as to make that course convenient. If a plaintiff having thus incorporated his cause of action in his declaration were to withdraw the latter with leave of the Court he might thereby be deprived of the benefit of the speedy judgment provided for by the sections of the charter now under consideration but no right of the defendant would be violated or impared nor would the orderly progress of the suit be disturbed.

The counsel for the appellant candidly admits upon his brief that if the appellee is to be regarded as having fully complied with the requirements of sec. 313 by incorporating the original agreement in his declaration, then the plea of the defendant, verified in the manner shown by the record, interposed no legal obstacle to the granting of the judgment which he sought to have stricken out.

There appears in the record an agreement of counsel dated December 24th, 1902, stating that pending the controversy over the validity of the judgment the defendant's counsel had placed certain of their own money in the hands of the plaintiff's counsel who at once applied such money to the payment

of the judgment and entered it satisfied of record, and that the defendant disputing the correctness of such use of the money had moved the Court to strike out the entry of satisfaction but the Court by its order of October 27th, 1902, of which the agreement purports to give a copy, had overruled the motion without prejudice.

We have not noticed this agreement, nor the alleged matters to which it relates, in our opinion because neither the motion, nor the order of Court nor the testimony referred to in the agreement, form part of the record in the case. We have repeatedly held in other cases that orders passed and proceedings had in the lower Courts cannot be brought before us on appeal by agreements of counsel subsequently made. All such orders and proceedings must form part of the bills of exception or the duly certified record. Furthermore in the present case the appeal is only from the order refusing to strike out the judgment.

From what we have said it follows that the order appealed from must be affirmed.

*Order affirmed with costs.*

(Decided June 29th, 1903.)