## J. S. Carlton v. G. W. Krueger et al.

Decided January 14, February 18, 1909.

**1.—Liquor Dealer—Sale to Minor.**

In an action on a liquor dealer's bond for selling to plaintiff's minor son, he makes a prima facie case by showing the sale and that the son was a minor; the defense may then show that the sale was made in good faith and with the belief that the purchaser was twenty-one years of age; but this is not supported by proof that the minor had stated to others that he was of age and that he looked to be so, where defendant, though sworn as a witness, did not testify that he was ignorant that the purchaser was a minor or that he believed him to be of age.

**2.—Charge—Admission.**

A formal admission of facts (made to avoid continuance and read in evidence) does not demand an instruction as to its effect, where no evidence to modify or contradict such admission is introduced; and if the court undertakes to state it, as undisputed evidence, it should be stated in the language adopted by the parties or its clear equivalent.

**3.—Appeal—Record—Agreement.**

Orders and rulings made in the trial court should appear by authenticated copies of the proceedings, embraced in the transcript. They cannot be shown by agreement of counsel except in agreed cases prepared under the statute regulating such form of appeal (Rev. Stats., arts. 1411, 1414); still less by an agreement not approved by the judge, and embraced in the transcript in the form of an unauthenticated copy by the clerk.

**4.—Appeal—Final Judgment—Sureties.**

In a suit against a principal, a single surety, and the representatives of a surety deceased, a judgment that plaintiff take nothing by his suit is a final judgment, from which appeal will lie. The defendant surety cannot complain, by cross-assignment, that the liability on the bond was joint, and that there was error in also holding that there could be no recovery against the representatives of the deceased surety because of their plea in abatement of the action as to him by his death.

**5.—Sureties—Death—Abatement.**

On the death of one of two sureties pending suit against both joined with the principal, the suit as to the deceased surety may be dismissed and the cause proceed to judgment against the principal and the surviving surety.

ON MOTION TO REVERSE AND RENDER.

**6.—Reversal—Rendering Judgment.**

Where the right of plaintiff to recover and the amount were shown by the undisputed evidence, the court, reversing a judgment for defendant, renders judgment for the appellant plaintiff, declining to remand for the purpose of enabling defendant to testify to facts to which he had opportunity to testify on the former trial, but did not.

Appeal from the District Court of Hamilton County. Tried below before Hon. N. R. Lindsey.

*Langford & Chesley,* for appellant.—It is error for the court to submit an issue as to defendant's belief that the minor was of age not raised by the evidence. Cain v. Thomas, 26 Texas, 582; McCormick v. Bush, 38 Texas, 320; Edloff v. Mason, 14 S. W., 1036; R. R. v. Vieno, 26 S. W., 230; Tex. Cent. Ry. v. Ascue, 4 S. W., 13; W. U. Tel. Co. v. Tobin, 56 S. W., 540; Fielker, v. Douglass, 57 S. W., 323; Hughes v. Lane, 25 Texas, 365; Fordtran v. Ellis, 58 Texas, 252; Wooters v. Kaufeman, 67 Texas, 495; Ry. v. McGowan, 73 Texas, 364.

A charge as to a presumption arising from a given state of facts is a charge upon the weight of the evidence. Biering v. First Nat. Bank, 69 Texas, 602; Stooksbury v. Swan, 85 Texas, 572.

*J. L. Lewis* and *A. R. Eidson,* for appellees.—There was sufficient evidence authorizing the court to submit to the jury the special defense setting up good faith in making the sale of the liquor to the plaintiff's son. Washington v. Ry. Co., 90 Texas, 320; McGown v. Ry. Co., 85 Texas, 293; Shifflet v. St. Louis S. W. Ry. Co., 18 Texas Civ. App., 57.

Where a party, in order to avoid a continuance, agrees that the evidence of the absent witness set out in the application is true, it is the court's duty to charge the jury that they should take such facts as true, and such charge is not objectionable as giving undue prominence to such facts. Galveston H. & S. A. Ry. v. Lyons, 65 S. W., 1119; and authorities cited in that case on page 1121.

The law under which plaintiff is seeking a judgment does not authorize a joint and several recovery, but only a joint recovery, the statute providing for a joint obligation and not a joint and several obligation. Sayles Stats., art. 5060g; Choate v. Veha, 40 Texas Civ. App., 566.

HODGES, ASSOCIATE JUSTICE.—This suit was instituted by the appellant against the appellee, G. W. Krueger, and the sureties on his bond as a liquor dealer, for damages for two infractions thereof. It is alleged that on two different occasions Krueger sold intoxicating liquors to the minor son of the appellant. From a verdict in favor of the defendants in the court below the appellant prosecutes this appeal.

The testimony shows that Krueger was engaged in the business of selling intoxicating liquors in the town of Hamilton during the month of July, 1904, and that he sold such liquors to the appellant's minor son, Blaine Carlton, on two different occasions. The appellant testified that his son was approximately nineteen years old at the time the sale was made. The defense interposed by the appellee was a general denial and a special plea to the effect that if said intoxicating liquors were sold to the appellant's minor son it was done in good faith and with the belief that the minor was twenty-one years of age,

Vol. LIV Civil—4.

and that he had good reason to believe that said minor was twenty-one years of age. At the time of trial it appears that a witness by the name of Talley, who had been summoned at the instance of the defendant in the court below, was absent; and in order to prevent a continuance plaintiff below made the following admission: "It is admitted that Blaine Carlton, plaintiff J. S. Carlton's son, stated to J. L. Talley on the morning and prior to the alleged sale that he, the said Blaine Carlton, was over twenty-one years old, and that at this time the said Blaine Carlton was intoxicated, and on two or three different occasions made the above statement to Talley; and that from the physical appearance of the said Blaine Carlton the said Talley would take the said Carlton at that time to have been over twenty-one years old, and that the appearance of the said Carlton at that time indicated that he was a person over the age of twenty-one years. The truth of this statement is admitted by the plaintiff." This was the only evidence offered by the appellee upon the trial. From a verdict and judgment for defendants the appellant has appealed.

The first assignment of error complains of the following portion of the court's general charge: "But in this connection you are instructed if you believe from the evidence that at the time the said defendant Krueger sold the intoxicating liquor to the said Blaine Carlton, if he did so, he, the said Krueger, in good faith, believed that the said Blaine Carlton was then twenty-one years of age and that the said Krueger had good grounds for such belief, you will find for the defendants." It is claimed that this charge is not warranted by the evidence adduced upon the trial in that there was no evidence showing or tending to show that Krueger believed that Blaine Carlton was twenty-one years of age; that the only evidence which tended to raise that issue was that which grew out of the admission made by appellant as to statements to Talley, and which was to the effect that Krueger might have good grounds to believe that Carlton was twenty-one years old or over. We think this assignment should be sustained. When the appellant proved that his son was a minor at the time the alleged sale of intoxicating liquors were made to him, he made out a case which prima facie entitled him to a recovery. The only effort made to meet this prima facie case with defensive testimony was that contained in the facts admitted as to the statements and appearance of the minor about the time he made the purchases. The statute as amended provides that where the sale is made in good faith, with the belief that the minor was of age and there are good grounds for such belief, that shall be a valid defense to any recovery on such bond. The defense here given is that the sale must be made in good faith with the belief that the minor was of age. There was no evidence of the belief entertained by the appellee regarding the age of the minor at the time he made the sale. Krueger was present at the trial and was at one time placed on the stand as a witness, but at no time did he offer to testify as to his belief regarding the age of the minor, or good faith, in making the sale. The mere fact that the minor may have had the appearance of being of age was no defense, unless accompanied by the other

statutory requisites. Whatever force this fact may have been entitled to as a circumstance tending to show that Krueger did in reality entertain that belief, is lost by the further fact that Krueger was present and failed to testify. For aught that appears to the contrary Krueger may have actually known the age of the minor. If he did not it was incumbent on him to show that fact. This he failed to do, and was not entitled to the charge complained of.

Appellant also complains of the following special charge given at the instance of the defendant: "First, That it is true that Blaine Carlton, the alleged minor son of plaintiff, told the witness J. L. Talley prior to the sale of said alleged intoxicating liquors to said Blaine Carlton and on the day of said sale that he, Blaine Carlton, was over 21 years of age. Second, That on the day of said alleged sale of said alleged intoxicating liquors the said Blaine Carlton was drunk prior to said alleged sale of said liquors. Third, That it is true that on said day of said alleged sale of liquor that the said Talley took him to be from his physical appearance over the age of 21 years. Fourth, And it is also admitted to be true that on said day of said alleged sale of liquor, and prior thereto, the physical appearance of the said Blaine Carlton indicated that he was over the age of 21 years. The foregoing facts having been admitted to be true must be taken as true by you." It is claimed that this charge was upon the weight of the evidence and also gave undue prominence to the facts admitted, and further that it instructed the jury that the physical appearance of young Carlton indicated that he was over the age of twenty-one years when in fact the testimony and said admission were only to the effect that the physical appearance of young Carlton indicated to Talley that he was over twenty-one years of age. We have been unable to see the propriety which called for the giving of this charge under the circumstances. It may be and perhaps is proper where an admission is made of record for the court to instruct the jury concerning that admission, or where testimony has been introduced by the party making the admission conflicting with the facts admitted, for the court to instruct the jury as to the legal effect of the admissions made. Such was held to be the case in G. H. & S. A. Ry. v. Lyons, 65 S. W. 1119. In that case a similar charge was approved by the court; but it will be noted that the party making the admission had introduced evidence tending to deny the facts admitted, and it was for the purpose of having the jury understand the legal effect of the admission as opposed to this conflicting testimony that called for the giving of the charge. It appears to the writer that this case may be distinguished not only from the case cited above, but also from that class of cases which hold that undisputed facts may be assumed by the court as true in presenting the issues to the jury. There was no occasion in this instance why this charge should have been given, because the record shows that the admission was either stated or read to the jury, and there was no attempt on the part of the plaintiff in the court below to deny or evade its full force and effect. But aside from this, we think the charge of the court misstated in some material portions the language of the admission. For instance, he tells the jury as

follows: "And it is also admitted to be true that on said day of said alleged sale of liquor *and prior* thereto the physical appearance of the said Blaine Carlton indicated that he was over the age of 21 years." This does not state the language of the admission correctly, as will be observed by a comparison of the two instruments as quoted. If the court felt that he was under any duty to tell the jury what had been admitted he should have done so in the language employed in the admission, and should not have used terms susceptible of a different construction. In view of the fact that the verdict in this case can be accounted for upon no other hypothesis than that the jury attached undue importance to the testimony concerning the personal appearance of the minor as indicating his age at the time he made the purchase, we believe this special charge was misleading. The closing sentence—"and must be taken as true by you"—was calculated to affect the weight of the evidence.

The appellee McAnelly, one of the sureties on the bond of Krueger, filed a cross-assignment charging that the court erred in refusing to sustain his plea in abatement after the heirs at law of Dietrich, the other surety, were dismissed from the suit. There is in the transcript an agreement by counsel to the effect that after the suit was first instituted, Deitrich, the other surety, before being served with a citation, died; that afterward the plaintiff's petition was amended, making his heirs at law parties. When the case was called for trial, upon exceptions presented by them, these parties were dismissed from the suit and the suit continued against the principal and the remaining surety. That after this was done McAnelly filed a plea in abatement claiming that he was released by reason of the fact that the bond in legal effect was a joint obligation and could not be enforced as against one surety without also including the other. It is admitted that no order of the court in sustaining the exceptions and in dismissing the heirs at law of Deitrich, or in overruling the plea in abatement of McAnelly was ever entered of record, nor was the matter ever called to the attention of the court at the term at which the orders were made or at any subsequent term, although the final judgment was not rendered in this case till more than eighteen months afterward. The only evidence that we have that any such orders were ever made, or that any exceptions were taken, or that any such plea was filed, is furnished in the agreement mentioned; and this does not seem to have been approved by the trial judge. Unless we are authorized to consider the agreement as part of the record in this case, there is no basis for the cross-assignment. The question is, can the parties by agreement substitute their narrative of what orders, decrees or judgments were rendered in the trial court, and the exceptions reserved thereto by the objecting party, for the authenticated copy of those proceedings required by law to be incorporated in the transcript sent up on appeal? We think this question should be answered in the negative. Grace v. Walker, 95 Texas, 39; Smith v. Hallwood Cash Register Co., 97 Md., 354; Davis v. Union Trust Co., 150 Ind., 46; McDowell v. Fowler, 80 Texas, 587. Art. 1411 of the Revised Statutes says: "The transcript shall, except

in cases hereinafter provided, contain a full and correct *copy* of all the proceedings had in the cause." The "excepted cases" referred to do not include agreements such as this; neither do the provisions of art. 1414 concerning the record that may be made in an agreed case authorize the consideration of an agreement such as this purports to be. It does not pretend to comply with the provisions of that article. If the parties can by an agreement dispense with the requirement that a copy of the order complained of together with the exceptions thereto, be contained in the record and certified to by the clerk, then they could with equal propriety, by the same process, dispense with any other order, decree or judgment rendered in the court below. Under such a practice appellate courts might frequently be called upon to consider errors assigned to such orders and decrees merely upon a statement of what the parties, or their attorneys may have agreed was the legal effect of such adjudications.

But the instrument here under consideration does not purport to be the original agreement, but only a copy incorporated in the transcript by the clerk, who does not undertake to certify that it is a true copy. Neither is it approved by the judge before whom the case was tried, or in any manner authenticated beyond the mere fact of being included among the proceedings copied in the transcript.

We do not think the consideration of this purported agreement between counsel necessary to a finding that the judgment in this case is one from which an appeal may be prosecuted. While the judgment does not in terms mention the heirs at law of Dietrich, it does expressly provide that the plaintiff shall take nothing by his suit. But even if it be held that the judgment refers only to Krueger and McAnelly, still we think it is a final judgment within the meaning of the statute permitting an appeal from it. Gullett v. O'Connor, 54 Texas, 415; Burnett & Ross v. Sullivan, 58 Texas, 538; Reynolds v. Adams, 3 Texas, 167; Burton v. Varnell, 5 Texas, 139; Houston v. Ward, 8 Texas, 124; Ellis v. Harrison, 52 S. W., 583.

Assuming that the appellant dismissed as to one of the sureties, or his representatives in law, that would not release the remaining surety. Scalfi & Co. v. State, 31 Texas, Civ. App. 671.

The cross-assignments of the appellee can not be considered.

The judgment of the District Court is reversed and the cause remanded.

*Reversed and Remanded.*

### ON MOTION OF APPELLANT TO REVERSE AND RENDER INSTEAD OF REMANDING.

Appellant has filed a motion in which he expressly abandons any claim for a recovery for more than one of the infractions of the bond sued on, and asks that instead of remanding this cause the judgment be here rendered in his favor for $500.00—the penalty for one infraction only. It is suggested that this case has been in the courts for several years, and many difficulties resulting from delays will confront them upon another trial. There is much force in this suggestion, and we think the motion should be granted. As to one

of the sales made to the minor son of the appellant by Krueger the evidence is clear and uncontradicted, and no defense legally sufficient to defeat a recovery was offered. Krueger was himself present at the trial, and while on the stand did not deny having made the sale to the minor, nor did he offer any excuse for so doing. He alone, of all others, was best able to state whether or not he sold the article of intoxicating liquor to the alleged minor in good faith, believing that he was of age. There is no reason why the case should be remanded merely to give him a second opportunity to offer such evidence. The previous judgment will therefore be modified, and the judgment of the District Court will be reversed and judgment here rendered for the appellant for the sum of $500 and all costs, both of this court and of the court below.

*Reversed and rendered.*