## T. E. SHIRLEY v. J. M. COFFIN ET AL.

### No. 2086. Decided November 9, 1910.

**1.—Agency—Sale—Expiration of Authority.**

Agents authorized to sell land within a limited time have no power to enter into a contract for a future sale to be consummated after the date when their agency expires. (P. 542.)

**2.—Same—Case Stated.**

Agents authorized to sell land for the owner within five months, on terms

of cash payment of one-half the purchase price, made, within that time, a written contract with a purchaser who deposited, as advance payment, forfeitable on his noncompliance, a sum less than one-half the price; the contract fixed a date later than that on which their authority to sell was to expire, within which the owner was to prepare deed and furnish abstracts, and the purchaser to examine title and complete the cash payment. Held that the purchaser could not enforce specific performance by the seller; if the written contract constituted a sale by the agents on the date it was made, they exceeded their authority in extending credit to a later date for the part of the payment which was to be cash; if the sale was to be taken as made on the date fixed for concluding it and making such payment, they were without authority to negotiate it, as this was beyond the limit of time within which they were authorized to sell.    (Pp. 540–542.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Deaf Smith County.

Shirley sued Coffin and others, and appealed from a judgment in favor of defendants.    On its affirmance he obtained writ of error.

*L. C. McBride* and *Knight & Slaton,* for plaintiff in error.—Written authority from the principal is not necessary to enable an agent to bind the principal in an executory contract for the sale of land. Huffman v. Cartwright, 44 Texas, 296; Fisher v. Bowser, 41 Texas, 222; Marlin v. Kosmoroski, 25 Texas Civ. App., 335; Tynan v. Dullnig, 25 S. W., 465.

Authority to an agent to sell land, within the ordinary sense of the term "sell," carries with it the authority to make for the principal a binding contract for the sale thereof.    Colvin v. Blanchard, 101 Texas, 231; Hunter v. Eastham, 95 Texas, 648; Hunter v. Eastham, 67 S. W., 1080; Haydock v. Stow, 40 N. Y., 368; Valentine v. Piper (Mass.), 22 Pick., 85; Kempner v. Gans (Ark.), 111 S. W., 1123.

The implied powers of an agent are those that are reasonable, necessary, usual or proper to the accomplishment of the purpose of the agency.    The authority of even a special agent includes medium powers, which are necessary to the effective execution of the authority. National Bank v. Old Town Bank, 112 Fed., 726; Bass Drygoods Co. v. Grante City Mfg. Co., 119 Ga., 124; McAlpin v. Cassidy, 17 Texas, 450; Kilpatrick v. Wylie (Mo.), 95 S. W., 224.

An agent authorized to sell land has the implied power to bind his principal to furnish to the purchaser evidence of title, in the form of an abstract of title, especially where the furnishing of such abstract by the vendor is the universal custom and necessary to effect sales of lands.    Johnson v. Furnish, 29 Kans., 523; Kilpatrick v. Wiley (Mo.), 95 S. W., 213.

An agent authorized to sell land has the implied power and right to give the purchaser a reasonable time in which to examine and become satisfied with the title to same, regardless of whether such agent might have the implied power to bind his principal to furnish an abstract of title.    Maupin, Mark. Land Titles (2d ed.), sec. 75; Warvelle on Vendors, 258, 288, 291.

In every executory contract for the sale of land there is an implied condition that the title of the vendor is good, and that he will transfer to the vendee, by proper deed of conveyance, an unincumbered and perfect title, and in Texas it is implied that such con-

veyance shall contain a general warranty of title. Holman v. Criswell, 15 Texas, 399; Vardeman v. Lawson, 17 Texas, 11; Easton v. Montgomery (Cal.), 27 Pac., 281; Maupin on Marketable Titles, page 21, sec. 5; Johnson v. Furnish, 29 Kans., 523.

*W. H. Russell* and *Morrow & Smithdeal,* for defendants in error. —It is manifest from the evidence that the contract between Coffin and Witherspoon and Gough created nothing more than the relation of principal and real estate brokers, and that the authority conferred upon the brokers was only such as is ordinarily implied from that relation. Smye v. Groesbeck, 73 S. W., 972; Smith v. McCann, 54 Atl., 498; Milne v. Kleb, 14 Atl., 646.

A real estate broker has no implied authority to bind his principal by written contract to convey land; such authority must be express and clearly established by proof. Mechem on Agency, sec. 966, p. 794, sec. 89, p. 88; Fisher v. Bowser, 41 Texas, 224; 23 Am. & Eng. Ency. of Law, p. 981; 19 Cyc., p. 197; Donnan v. Adams, 30 Texas Civ. App., 615; Keim v. Lindley, 30 Atl., 1063; Gibson v. Gray, 17 Texas Civ. App., 646; Syme v. Groesbeck, 73 S. W., 972; Ballou v. Bergvendsen, 83 N. W., 10; Halsey v. Monteiro, 24 S. E., 258; Holmes v. Redhead, 73 N. W., 878; Stewart v. Pickering, 35 N. W., 690; Watkins Ld. Mtg. Co. v. Campbell, 100 Texas, 542.

The term "to sell" used in the employment of a real estate broker means no more than to negotiate the sale by finding a purchaser upon satisfactory terms, and does not authorize the broker to execute for his principal a written agreement binding him to convey his real estate. Mechem on Agency, sec. 966, p. 794; Donnan v. Adams, 71 S. W. Rep., 581, 30 Texas Civ. App., 615; York v. Nash, 71 Pac., 59; Armstrong v. Love, 76 Cal., 616; Carson v. Smith, 77 Am. Dec., 539; Smith v. McCann, 205 Pa. St., 57; 23 Am. & Eng. Ency. of Law, 901; 19 Cyc., 177, and note 22; Duffy v. Hobson, 40 Cal., 240, 6 Am. Rep., 617; Grant v. Edde, 85 Cal., 418, 20 Am. St. Rep., 237; Milne v. Kleb, 44 N. J. Eq., 378; Keim v. Lindley, 30 Atl., 1063.

There being in this case no evidence of a general, well-defined custom by which the real estate agent, without specific authority, may bind his principal to a written contract, or any evidence of a local custom to such effect which was known to appellee, there was no such proof of usage or custom as authorized Witherspoon and Gough to execute the contract for appellee. Mechem on Agency, sec. 281; Kempner v. Patrick, 43 Texas Civ. App., 216; Ollesheimer v. Foley, 42 Texas Civ. App., 252; Missouri, K. & T. Ry. Co. v. Wade, 62 S. W., 111, 68 S. W., 807; Reese v. Medlock, 27 Texas, 123; McKinney v. Fort, 10 Texas, 220; Milwaukee & W. Inv. Co. v. Johnston, 53 N. W., 476; Donnan v. Adams, 30 Texas Civ. App., 615; Buzard v. Jolly, 6 S. W., 422; Neill Bros. v. Billingsley, 49 Texas, 161; Mills v. Ash, 16 Texas, 296.

Even if Witherspoon and Gough were authorized to make a contract obligating Coffin to convey his land, the contract which they made was not binding on Coffin for the reason that it does not purport to sell the land upon the terms authorized by Coffin, in this, that the

terms on which Coffin authorized the land to be sold was one-half cash, balance on time; while the sale made was for one-twelfth cash, balance on time. Gough v. Coffin, 55 Texas Civ. App., 550; De Sollor v. Hanscome, 158 U. S., 216; Colvin v. Blanchard, 101 Texas, 231; Taylor v. Reed, 51 Texas Civ. App., 600; Halsey v. Monteiro, 24 S. E., 258; Howell v. Denton, 68 S. W., 1002; Mechem on Agency, sec. 966; 19 Cyc., 196.

Appellee having listed his land for five months, which expired on the 26th day of March, 1906, the finding of a purchaser who was willing to take the land on the first day of April, which was after the expiration of the listing, was not within the authority of the brokers.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This is an action by plaintiff in error for specific performance, in the trial of which, when plaintiff had introduced all his evidence, the court directed a verdict for defendant. The plaintiff relied on the following instrument:

"The State of Texas,
County of Deaf Smith.

"This indenture, entered into in duplicate, this, the 23d day of February, 1906, by and between J. M. Coffin, of Hill County, Texas, acting by and through C. G. Witherspoon and L. Gough as his agents, party of the first part, and T. E. Shirley, of McLennan County, Texas, party of the second part, witnesseth:

"That the said party of the first part, acting by and through his legally constituted agents, the said C. G. Witherspoon and L. Gough, has this day sold unto the said party of the second part 2424 acres of land, lying and situate in Deaf Smith County, Texas, and about sixteen miles N. W. from Hereford, Texas, and known as the 'Coffin Ranch,' and being the same land purchased from the Capitol Freehold Land & Improvement Company, Limited, by deed dated ————, 1902, and recorded in vol. 9, page 212, of the deed records of Deaf Smith County, Texas, except certain portions of said land heretofore sold off of said purchase, the said original purchase containing 3704 acres, and being parts of Capitol leagues Nos. 391, 408 and 408½, all in said Deaf Smith County, Texas.

"The terms and conditions of said purchase being as follows: That said T. E. Shirley is to pay the sum of $5 per acre, one-half of said sum to be in cash, and the balance in one, two, three, four and five years, respectively, with seven percent interest on deferred payments.

"That the sale shall be closed on or before April 1, 1906, the said Coffin being allowed that time to prepare his deed of conveyance, abstracts and other muniments of title, if need be, and the said Shirley may be allowed that time, if need be, to complete his purchase, and the said T. E. Shirley now pays to the said Witherspoon and Gough the sum of $1,000 for the said J. M. Coffin and as his legally constituted agents for the sale of above described land, the receipt of which is hereby acknowledged, which said sum is to be

held by them for the use and benefit of the said J. M. Coffin until the said J. M. Coffin shall execute and deliver his deeds of conveyance with abstracts, showing good and sufficient title to the said land, when the said C. G. Witherspoon and L. Gough shall deliver said sum of money to said J. M. Coffin, and it shall be paid as a part of the cash payment of said land.

"It is further agreed that said sum of $1,000 shall be held and considered as a forfeit to the said J. M. Coffin in the event that said T. E. Shirley shall fail to comply with his undertakings as herein set forth, and it shall be considered as a part of the cash payment on the purchase of said land and shall be held as binding on the said J. M. Coffin to make and execute his deeds of conveyance as above set forth, to the said T. E. Shirley.

"In testimony whereof, witness our hands this, the 23d day of February, 1906.

> "J. M. Coffin, party of first part, by C. C. Witherspoon, agent; L. Gough, agent; T. E. Shirley, party of second part."

The scope of the authority under which Witherspoon and Gough acted as agents of Coffin was to be deduced from conversations to which the agents testified, the question made as to its extent being whether it was merely to find a purchaser or was to make a sale, including power to conclude and execute a binding contract. We think the evidence was sufficient to entitle the plaintiff to a submission of the question as to the extent of the authority if a case was otherwise made for their determination. This applies also to the question whether or not it was contemplated that the agents might receive the purchase money for the principal, which takes away one of the reasons assigned by the Court of Civil Appeals to sustain the course taken by the trial court, which reason was that in the stipulation for the payment to the agents of the $1,000 to go as part of the purchase money, the agents went beyond their power so that the principal was not bound at all. The other reason given by the Court of Civil Appeals is that in fixing the time for the cash payment at April 1, instead of exacting it at the date of the contract, the agents gave credit where cash was required by their principal and that for this the contract failed to bind the latter. In the sale authorized, half of the purchase money was to be paid in cash and it, of course, follows that a contract giving credit for any part of that payment would not be binding. In granting the writ of error we were inclined to the opinion that the agreeing on a reasonable time within which details of the trade, such as exhibiting titles, executing deed and other papers should be completed should not be treated as a contract giving credit for the cash payment, but as contemplating a sale for cash as of the date when it should finally take place according to the stipulation. If this were all, we might yet hold to that view. The decision relied on is not in conflict with it. In that case the agent concluded the sale by a contract in terms giving credit for a part of the cash payment. De Sollar v. Hanscome, 158 U. S., 222. Here other things were to be done before any obligation to

pay was to arise and the cash was to be paid. But this view is equally fatal to plaintiff's case because of another fact. The sale to be made by the agents under the authority given was to be made within five months from October 26, 1905, the date of the employment. Plaintiff's own contention is that the employment contemplated the making of a sale and not merely the finding of a purchaser or the conducting of negotiations. No less an authority than that would sustain the action of the agents in attempting to bind the principal by a concluded contract of sale; and no less a contract would constitute an execution of that authority—a compliance with the terms of the employment. Such performance was to take place within the time limited, and if part of the things essential to it were not done within that time there was no proper execution of the power. While it might be true, therefore, that such a contract as that sued on would not fail because of the fixing of a time subsequent to its date for the execution of the deed and notes .and the payment of the cash, if those things were to be done while the authority of the agents lasted, the case is different, we think, when the closing up of the trade is postponed to a time beyond that allowed by the principal. It might be just to say that he had indicated his willingness to accept the cash payment in a sale whenever made within the time specified, but not that he had agreed to accept it when made after the expiration of that time. If the contract be treated as showing that at its date the agents had made a sale such as was contemplated, it necessarily follows, as held by the Court of Civil Appeals, that credit was given for part of the payment which the principal required to be made in cash, while the view which we have suggested of it would lead inevitably to the conclusion that the agents never did, within the prescribed time, that which, on plaintiff's contention, they were to do, to perform the service for which Coffin stipulated. In either case the judgment is right.

*Affirmed.*