## CHICKASHA MILLING CO. v. CRUTCHER et al.

(Court of Civil Appeals of Texas. Texarkana. Nov. 16, 1911.)

1. APPEAL AND ERROR (§ 614*) — RECORD — AGREED STATEMENT — AUTHENTICATION — WHO MAY CERTIFY—"COURT"—"JUDGE."

Rev. St. 1895, art. 1293, provides that the parties may submit the matter in controversy between them to the court upon an agreed statement of facts made out and signed by counsel and filed with the clerk, and in such case the statement so agreed to and assigned and certified by the "court" to be correct, and the judgment rendered thereon, shall constitute the record of the case. *Held,* construing the section in view of the prior statutes on the subject (Acts 7th Leg. c. 92, § 12, Rev. St. 1879, arts. 1293, 1379, and Rev. St. 1895, art. 1381), and in view of article 3268, requiring the court to look for the legislative intention, keeping in view the old law, the evil and the remedy, that article 1293 did not authorize a statement of facts to be authenticated by the "judge," the term "court" as used therein not being equivalent to "judge," so that a certificate, by the trial judge attached to a purported agreed statement of facts long after the term and after the "court" had ceased by the expiration of the term, was not a compliance with the statute.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2708–2713; Dec. Dig. § 614.*

For other definitions, see Words and Phrases, vol. 2, pp. 1672–1682; vol. 8, p. 7622; vol. 4, pp. 3823–3826; vol. 8, p. 7695.]

2. APPEAL AND ERROR (§ 671*) — RECORD — STATEMENT OF FACTS.

In order to review a judgment as to matters depending upon the facts, the appellate court should be placed in possession in the authorized manner of all the material facts upon which it was based.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. § 671.*]

3. APPEAL AND ERROR (§ 573*) — AGREED STATEMENT OF FACTS.

Rev. St. 1895, art. 1414, providing that the parties may, without setting out all of the proceedings at length, agree upon such a brief statement of the case and of the facts proven as shall enable the appellate court to determine whether there has been any error in the judgment, and, if the judge approves and signs such statement, it shall constitute a part of the record and may be copied into the transcript on appeal in lieu of the proceedings, is not applicable to a case tried upon an agreed statement of facts which recited that, to obviate the necessity of the introduction of witnesses to prove the facts thereinafter shown, it was agreed that the following facts were true, enumerating certain facts and signed by the attorneys and to which was attached a certificate by the judge, made after the term, stating that the cause was tried upon the agreed statement of facts attached and that no other evidence was introduced.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2560–2566; Dec. Dig. § 573.*]

4. APPEAL AND ERROR (§ 629*)—"STATEMENT OF FACTS"—FAILURE TO FILE IN TIME—RELIEF.

An agreed statement of facts, made for purpose of the trial, and not certified by the court as provided by article 1293, cannot be treated as a statement of facts within Rev. St. 1895, art. 1382, authorizing the Court of Civil

---

Appeals for good cause shown to permit the filing of statements of fact after the expiration of the statutory time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2765; Dec. Dig. § 629.*

For other definitions, see Words and Phrases, vol. 7, pp. 6643, 6644.]

5. APPEAL AND ERROR (§ 907*) — PRESUMPTIONS—DEFECTIVE RECORD.

In absence of a statement of facts or conclusions of the trial court, the appellate court must presume that the judgment is correct.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2911–2915; Dec. Dig. § 907.*]

Error to District Court, Smith County; R. W. Simpson, Judge.

Action by the Chickasha Milling Company against I. H. Crutcher and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Lawrence Mills, for plaintiff in error. Marsh & McIlwaine, for defendants in error.

HODGES, J. This was a suit by the plaintiff in error against the defendants in error to recover the sum of $998.40 claimed as the price of goods, wares, and merchandise sold and delivered. The case was tried before the court without a jury, and a judgment rendered in favor of the defendants in error. It is brought to this court upon a writ of error by the plaintiff.

The defendants in error have filed a motion asking that what purports to be an agreed statement of facts be stricken from the record. The transcript shows that the case was tried at a term of the district court of Smith county which began on the 7th day of February, 1910, and adjourned on the 18th of March following. The purported agreed statement of facts contains the style and number of the case, and begins as follows: "To obviate the necessity of the introduction of witnesses to prove the facts as hereinafter shown, it is agreed by and between the parties hereto that the following facts are true." Then follows an enumeration of facts showing the existence of the debt due to plaintiff in error, the drawing of drafts by it in favor of the First National Bank of Chickasha, Okl., their transmission and presentation to the defendants in error, and the method the latter adopted in making payment. This statement is signed by the attorneys for both parties, and was filed by the clerk of the district court February 25, 1910, and indorsed "Agreed Statement of Facts." Attached to the statement is the following certificate: "I, R. W. Simpson, judge Seventh judicial district of Texas, hereby certify that the cause of Chickasha Milling Company v. I. H. Crutcher, I. H. Crutcher, Jr., and I. H. Crutcher & Son, No. 6,471, tried in the district court of Smith county, Tex., was tried upon the agreed statement of facts hereto attached, and that no other evidence was introduced upon the trial of said cause save and except the agreed statement of facts aforesaid. Witness my hand this October 31, 1910. R. W. Simpson, Judge Seventh Judicial District Texas." Defendants in error urge the following objections to the consideration of this agreed statement: It does not show upon its face that it is an agreed statement of all the facts upon which the case was submitted to the court, and it does not appear from the judgment entry that the case was decided by the district judge upon such agreed statement of facts, nor does it otherwise appear from the record that no other evidence was introduced at the trial except from the certificate of the judge attached to the statement long after the expiration of the term at which the cause was tried, and at a time when the judge had no authority to certify to such statement. They further object to the same statement appearing as a part of the transcript, purporting to be a statement of facts made by the trial judge, because it appears that this cause was tried at the February term, 1910, of the district court of Smith county, and that the term of court at which the cause was tried adjourned on the 18th of March, 1910, and the statement shows upon its face that it was not made up by the judge until October 31, 1910, and was not filed in the district court of Smith county until the 1st day of November, 1910.

[1] Plaintiff in error relies upon article 1293 of the Revised Civil Statutes, which is as follows: "The parties may in any case submit the matter in controversy between them to the court upon an agreed statement of facts made out and signed by them or their counsel, and filed with the clerk, upon which judgment shall be rendered as in other cases; and in such case the statement so agreed to and signed and certified by the court to be correct, and the judgment rendered thereon, shall constitute the record of the cause."

[2] The law contemplates that, where an appeal is taken and the judgment of the trial court is to be reviewed with reference to the facts upon which it is based, the appellate court shall be placed in possession, in some authorized manner, of all the material facts which form the basis of the judgment appealed from. State v. Connor, 86 Tex. 136, 23 S. W. 1103. While article 1293 requires the agreed statement to be used on appeal to be signed and certified by the court, yet it has been held that such certificate is not absolutely essential when it otherwise appears from the record that the agreed statement contained all the facts upon which the judgment was predicated. Bomar v. West, 87 Tex. 300, 28 S. W. 519; Bull v. Jones, 9 Tex. Civ. App. 348, 29 S. W. 804. There is nothing in the record before us which shows that this statement alone formed the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

basis of the judgment from which this appeal is taken, or that no other evidence was heard and considered, except the certificate made by the trial judge in vacation and seven months after the adjournment of the term at which the cause was tried. Plaintiff in error insists that this is sufficient. We do not think so. Article 1293 requires the authentication to be made by the *court*. This implies that it must be made by the judge while sitting as a court. Counsel for plaintiff in error contends that the term "court," as there used, means the same as "judge of the court," and he refers to decisions of other states which seem to support that view, but cites none from the courts of this state. The general provisions of the article above referred to were first enacted in 1858, and were as follows: "After the trial of any cause, when either party intends to remove the same into the Supreme Court for revision, the parties may, with the consent and approval of the judge who tried the cause and without the necessity of copying the entire proceedings, agree upon such a statement of the case, and the facts proven, if any, as in their opinion will be necessary to show whether there has been any error in the proceedings; and such statement shall be signed by the attorneys of the parties, and certified by the judge, and filed as a part of the record of the cause; and a copy of such statement and of the judgment in the case and the assignment of errors certified by the clerks of the court, shall be a sufficient transcript of the proceedings to be taken to the Supreme Court, and to entitle the parties to a trial therein upon the points presented for revision. In all cases proposed to be removed to the Supreme Court, where such agreed statement is not made, approved and filed, as in this section provided, the clerks shall make out and send up the full transcript of the proceedings as is now provided by law." See Acts 1858, p. 112, § 12. Article 1293 appears in the Code of 1879 under the same number and literally in its present terms, and was doubtless a modification of the original act made by the codifiers. Prior to the codification of 1879 there was no law authorizing the preparation and filing of a statement of facts in vacation. The provisions allowing 10 days after adjournment in which to prepare and file a statement of facts, upon an order to that effect made by the court, and which appear as article 1381, Rev. Civ. Stat. 1895, and as article 1379 of the revision of 1879, were added by the codifiers of 1879. See Report of Commissioners, Willson's Rev. Civ. & Crim. Stat. p. 22. The evident purpose of this addition to the law was to allow more time for the preparation and filing of statements of fact in cases where the trial court should deem it essential to the ends of justice. The statements there provided for were those to be made up from the testimony of witnesses and other sources, adduced upon the trial, and which might require much time, and possibly the intervention of the trial judge to settle disputes between parties, or their attorneys, as to what should be incorporated in the record Bills of exception also were then required to be filed in term time, and this continued to be the law till within recent years. Article 3268, Rev. Civ. Stat., provides that "in all interpretations the court shall look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil and the remedy." The "evil" which the act of 1858 sought to remedy was, doubtless, the trouble and labor incident to the ordinary method of preparing a statement of facts and which might be dispensed with in those cases where the facts had already been agreed to by the parties in advance of the trial and the case had actually been disposed of upon that agreed statement alone. No better record could be sent to the appellate court than the identical agreed statement upon which the judgment was based. It would be unreasonable to suppose that the Legislature intended to allow more time for the judge trying the case to add his authentication to this statement, which in any event would only require a few moments, when other statements of fact and bills of exception, involving in their preparation much labor and time, were to be filed in term time.

That the terms "court" and "judge," as used in the statute relating to the regulation of appeals, are not intended to be used interchangeably, is, we think, settled by the Supreme Court of this state. Couturie v. Crespi, 131 S. W. 404; Pittman v. Byars, 100 Tex. 518, 101 S. W. 789. If there is no other sufficient evidence in the record, aside from this certificate of the judge, to justify us in saying that this statement alone furnished all the facts upon which the judgment is based, that certificate, made long after the adjournment of the court, added nothing to the authenticity of the statement.

[3, 4] This "agreed statement" cannot be said to be a compliance with the provisions of article 1414 of the Revised Civil Statutes; neither can it be said that the plaintiff in error has brought itself within the provisions of article 1382, authorizing the Courts of Civil Appeals, for good cause shown, to permit the filing of statements of fact after the expiration of the time fixed by statute. The motion to strike out the statement must be sustained.

[5] There being no statement of facts which we can consider and no conclusions of the trial court, we must presume that the judgment is correct. McDowell v. Fowler, 80 Tex. 587, 16 S. W. 431; Taylor v. Campbell, 59 Tex. 315.

The judgment is therefore affirmed.