### BOARD OF MEDICAL EXAMINERS FOR THE STATE OF TEXAS V. H. AND E. C. TAYLOR.

Decided June 3, 1909.

**1.—Mandamus—Officer—Construction of Law.**

If an officer by misconstruction of a statute deprives a citizen of an unquestioned legal right, and such person has no right of appeal or other adequate remedy, the courts have power to review such decision and award relief by mandamus.

**2.—Practice of Medicine—District Board of Examiners—Examination for License—Certificate.**

Under the law in force in 1889, (Rev. Stats., arts. 3784, 3785) women practicing obstetrics only were exempt from examination by county medical boards; the latter were only authorized to give certificate of qualification on examination upon all the subjects enumerated in the statute, and such certificate entitled the applicant to enter on the general practice of medicine; the board will be presumed to have discharged their duty with respect to such examination; their certificate that they had examined the applicant as required by the law must be taken as including an examination and satisfaction as to qualification in all the required branches; and, having no power to limit the right of an applicant found qualified for the practice of certain branches of the profession, their

attempt to restrict the effect of their certificate to a right to practice "branches of obstetrics and diseases peculiar to women and children" was unwarranted and should be treated as surplusage.

### 3.—Same—Verification by State Board—Act of 1907.

A woman holding a certificate showing her examination and qualification for the general practice of medicine, issued by a district board of medical examiners in 1889, showing that same had been duly filed and that she had ever since been engaged in a general practice thereunder, applied to the state Board of Medical Examiners for verification of such license by them in accordance with the requirements of the Act of April 17, 1907 (Laws 30th Leg., p. 224). The Board refused her a certificate of verification as a general practitioner and tendered her a verification license to practice "obstetrics only," basing their action on a misconstruction of the legal effect of the original certificate. Held, that such refusal of a general verification of her certificate was unwarranted, and the Board was properly required by mandamus to issue same.

### 4.—Same—Pleading.

Where the legal effect of a certificate of examination as to the qualifications of a physician, issued in 1889, by a district board of medical examiners, was to qualify the applicant to pursue the general practice of medicine, a prayer in her petition for mandamus that the Board of Medical Examiners for the State be required to issue a verification license under section 6, of the Act of April 17, 1907, "according to the terms and provisions of the certificate granted" was sufficient to support the award of a writ requiring the issuance of such verification certificate as a general practitioner.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben. H. Denton.

*R. V. Davidson,* Attorney-General, and *J. T. Sluder,* Assistant, for appellant.

*Dudley & Dudley,* for appellee.

LEVY, ASSOCIATE JUSTICE.—This was a proceeding by mandamus to compel the Board of Medical Examiners for the State of Texas to issue to the appellee, Mrs. E. C. Taylor, the verification license, required by the Acts of 1907, p. 224, regulating the practice of medicine, authorizing her to practice medicine in this State.

As claimed by her petition, and admitted in the record to be true in fact, appellee E. C. Taylor presented, on February 22, 1908, to the appellant Board of Medical Examiners her application for verification license, under sec. 6 of chap. 123, Acts 1907 (Laws 30th Leg., p. 224), to practice medicine, accompanying same with a legally certified copy of license granted to her by the legally constituted Board of Medical Examiners of the Sixth Judicial District of Texas on March 15, 1889, and which had been duly recorded in the district clerk's office of Lamar County, and filing with the said appellant affidavits of reputable citizens that she had been a regular practitioner of medicine in said county from the date of the certificate up to the present time. The appellant board refused her application for verification license to practice medicine as applied for, but, claiming that it was the only verification license she was authorized to receive, granted, issued and tendered her a verification license to practice "obstetrics only," which she refused.

The appellant board demurred to the petition, which demurrer was by the court overruled. It was then agreed in writing by the parties "that all the allegations set up in plaintiffs' original petition are true in fact." Upon this admission the court entered a decree in favor of appellee, awarding mandamus.

*After stating the case:*—All the assignments relate to the one question involved in the appeal, and are considered together. The appellant board, in passing on the application and documents presented by the appellee for a verification license to practice medicine, as it must be assumed from the facts plead and admitted to be true, determined and found that the license granted to appellee in 1889 by the district medical board was genuine and valid, and that appellee was the person named therein, and that it had been duly recorded in the office of the district clerk of Lamar County at the time of its issuance. According to the allegation, and admitted to be true, appellee established by proof to the appellant board "that she had been a legal and regular practitioner of medicine under said certificate from its date to the present time," and "had been recognized as a practicing physician, engaged in the practice of medicine, had a general practice in Paris, Texas, for the past sixteen to nineteen years." By the tender of a verification license to appellee to practice "obstetrics only" it must be assumed, as is in fact true, there being no question of fraud or improper personal conduct on appellee's part involved, that the appellant board construed the license of appellee to authorize her to practice "obstetrics only," and for that reason alone denied her the verification license to practice medicine. This, we think, became a question of law wherein this court would have the right of review. As was said in the case of Terrell v. Greene, 88 Texas, 547, 31 S. W., 631, Justice Brown, speaking for the court, "If a judge or other officer by the construction placed upon the law deprives a citizen of an unquestioned legal right, under circumstances that the citizen has no right to appeal, and therefore no other adequate remedy, then a court having power conferred upon it by law to issue a mandamus has the right to review the judgment or decision of the court or officer upon such question." The legal effect to be given to the license granted the appellee in 1889 by the district medical board becomes and is the principal and controlling question in the appeal. If the license in legal effect was to authorize appellee to practice medicine under the law then in force, then it follows, under the admitted facts, that she would be a "legal practitioner of medicine in this State, practicing under the provisions of previous laws," and be entitled to a verification license at the hands of the appellant board. Sec. 6, chap. 123, Acts 1907. The duty of verification, imposed on the appellant by the law, is to confirm or substantiate something already done. See "Verification," Words and Phrases, vol. 8, Black's Law Dictionary. The power involved in the verification extends to ascertainment of the genuineness and valid existence of the license previously by law granted by authorized boards, and the identity of the person named in the license to be the person claiming and presenting the same, there being no cause

as defined in section 11 of the Act authorizing a refusal to issue. On the other hand, if the license in legal effect was to authorize appellee to practice "obstetrics only," then it follows, in the case, that the duty required of appellant has been performed, and appellee is not entitled to the decree entered in the case by the court. Under the law in force in 1889, art. 3784, title 82, R. S. of 1895, it was the duty of the Board of Medical Examiners "to examine thoroughly all applicants for certificates of qualification to practice medicine in any of its branches or departments, whether such applicants are furnished with medical diplomas or not, upon the following named subjects, to wit: anatomy, physiology, pathological anatomy and pathology, surgery, obstetrics and chemistry." By art. 3785 it was provided: "When the board shall be satisfied as to the qualifications of an applicant they shall grant him a certificate to that effect, which certificate shall entitle the person to whom granted to practice medicine in any county, when the same has been recorded" in the office of the district clerk of the county where the applicant may reside or sojourn. Females who practice midwifery strictly as such were exempted from the Acts, and neither was the board authorized to give a certificate to such. It is clear from the provisions of the law, that this district board was only authorized to examine applicants "to practice medicine." It is further evident from provisions of the Act that in order to obtain the certificate of qualification it was incumbent upon such applicant to have knowledge of and to satisfactorily pass an examination before the board upon the several subjects or branches of medical science specified in the Act. It follows, from the provisions of the law, therefore, that having passed a favorable examination on the subjects or branches named, and upon a certificate of the board to that effect, such applicant, by force of law, upon duly recording such certificate, was then "authorized to practice medicine in any county." There is no doubt, from this emphatic language of the Act, that the legal effect of a certificate granted by the board, and the rights of the holder thereof under the same, were positively declared by law. That appellee was by the district board examined "as required by the laws of the State of Texas," which necessarily included all the subjects named in the law, appears by the language of the certificate of the board. Even if this fact does not clearly appear from the certificate, which we think it does, still the fact of the certificate's being given at all by the board would require us to indulge the legal presumption that the official board performed its legal duty. But the certainty of the fact that the board, as stated in the certificate, examined appellee "as required by the laws of the State of Texas," is placed beyond doubt; and the presumption of law that the board performed its legal duty is proved as a fact in the case, by the allegation in the petition, admitted to be true, that "On March 15, 1889, the said medical board examined the said applicant, E. C. Taylor, formerly E. C. Zindel, as required by the provisions of law." In the light of the facts, appearing from the certificate and admitted in the petition, that appellee appeared before the board and was by the board examined in the manner required by law, it follows that if the cer-

tificate in question, by proper construction to accomplish the purposes and intention of the board in giving same, goes to show that the district board was "satisfied," by the examination given appellee, as to her "qualifications," then such certificate would, by force of law, authorize her "to practice medicine in any county," it appearing as a fact that it was recorded as required by law. The term "qualification of an applicant," as used in the Act, refers to the knowledge possessed by the applicant, in the opinion of the board, in the several subjects or branches of medical science specified in the Act. We think that the certificate as a whole by proper construction, under the admitted facts, is to "that effect," and that is all the statute required; that the board did examine her and was satisfied with her qualifications. The statute does not prescribe the form or words of the certificate, nor does it provide that it shall be void for any want of form or for a particular statement therein. In consequence, and as the words "to that effect" sufficiently indicate, it was intended that if the certificate given indicated the intention of the board it should be valid and would be a sufficient compliance with the law. The expressions in the certificate, "examined E. C. Zindel and find her qualified to practice . . . as required by the laws of the State of Texas," would signify and mean, and there is necessarily involved in the language the intention on the part of the board to declare that the board was "satisfied" as to her "qualifications." It is as least, as we have stated, "to that effect," as required by the statute. We do not think, in the facts admitted and by giving proper effect to the entire language of the certificate, that the words in the certificate, "branches of obstetrics and diseases peculiar to women and children," were intended, or should be so construed, by the board to declare that they were not "satisfied" as to appellee's qualifications in the requirements of the law. If the board intended, by the words just mentioned, to designate in the certificate the branch or department of medicine that the appellee was to practice, any such designation would have no legal force or effect, would be surplusage, and would not affect her legal rights in the premises. That the appellee did not appear before the board as an applicant to practice midwifery or obstetrics only, appears by the certificate and as a fact in the case. As going to establish the fact that she did not appear before the board to practice midwifery only, it was alleged, and admitted to be true, that under this certificate appellee has been practicing "medicine from said 15th day of March, 1889, to the present time" in Lamar County, Texas, and had made proof to the appellant of "affidavits of reputable citizens of Paris to the effect that she had been a legal practitioner of medicine in Lamar County for a period of nineteen years." The fact, appearing from the certificate and admitted, that appellee appeared before the board not as an applicant to practice midwifery or obstetrics only, and bearing in mind that the board was not authorized to give certificates "to females practicing midwifery exclusively," and it appearing that the board intended to and did act within their legal authority, it follows that we would not be justified or warranted in construing

the certificate in question to be a certificate intended to certify the right to practice obstetrics only.

Holding, as we do, that the legal effect of the certificate granted to the appellee by the district medical board was to authorize her "to practice medicine" under the laws at the time in force, it follows that she is entitled to a verification license at the hands of appellant as broad as the legal effect of her certificate which, by force of the law, is "to practice medicine." We think the appellant board is authorized under the present law to grant such verification license, and would be required to do so in this case. The petition prays for verification license "according to the terms and provisions of the certificate granted," which, we hold, means in law and has the legal effect of allowing her "to practice medicine;" and this, as a pleading, is sufficient to warrant the relief prayed for.

The case was ordered affirmed.

*Affirmed.*

Writ of error granted. Judgment affirmed.