. BOARD OF MEDICAL EXAMINERS FOR THE STATE OF TEXAS v. H. & E. C. TAYLOR.

No. 2080.   Decided June 15, 1910.

**1.—Practice of Medicine—Board of Examiners—License—Verification Certificate.**

A certificate issued in 1899 by the District Board of Medical Examiners, under Rev. Stats., arts. 3784, 3785, that they had examined an applicant and found her qualified to practice the branches of obstetrics and diseases peculiar to women and children as required by the Laws of the State of Texas, will be presumed to be issued upon examination and a finding of qualification in all the branches of medical learning mentioned in the statute; and one who had received such certificate and thereafter pursued the general practice of medicine under the same was entitled to receive from the State Board of Medical Examiners the verification certificate licensing her to practice medicine provided by section 6 of the Act of 1907 (Laws 30th Leg., p. 224) in terms as broad as the original certificate and not restricting her to the practice of obstetrics only. (Pp. 446–448.)

**2.—Same.**

Whether a certificate of qualification to practice medicine in the branches of obstetrics and diseases peculiar to women and children issued by the District Board of Medical Examiners in 1889, entitled one thereafter pursuing the practice to a verification of same as a license to practice medicine generally was not involved in an application for mandamus requiring the State Board of Medical Examiners to issue to her a verification of her former license in

terms as broad as those of the certificate formerly received. Such verification she was entitled to irrespective of whether the original license authorized practice in all branches of medicine. (P. 448.)

Error to the Court of Civil Appeals for the Sixth District in an appeal from Fannin County.

H. and E. C. Taylor sued for mandamus against the Board of Medical Examiners and obtained judgment. Defendants appealed and on affirmance obtained writ of error. The case on appeal is reported in 56 Texas Civ. App., 291.

*Jewell P. Lightfoot,* Attorney-General, *Jno. W. Brady* and *C. A. Leddy,* Assistants, for plaintiffs in error.—The Legislature, in enacting the Medical Board Law of 1907, did not see fit to recognize the character of certificate issued to the defendant in error, and by the terms of said Act required the holder of such a certificate to stand an examination before the present Medical Board in order to be authorized to practice medicine generally. The power of the Legislature to prescribe such reasonable conditions as are calculated to exclude from the profession those who are unfit to discharge its duties, can not be doubted. Dent v. West Va., 129 U. S., 114; State v. Knowles, 90 Md., 646; People v. Phippin, 70 Mich., 6; Craig v. Medical Examiners, 12 Mont., 203; State v. Green, 112 Ind., 462; France v. State, 57 Ohio St., 1; State v. Currens, 111 Wis., 431; Allopathic State Board v. Fowler, 50 La. Ann., 1358.

The board which issued the certificate to Dr. Taylor in 1889 had only such authority as was conferred by the statute creating it. State v. Prendergast, 6 Ohio Cir. Dec., 807.

It is clear from the terms of the certificate issued to Dr. Taylor that the Medical Board of 1889 attempted to and did exercise the power to authorize her to practice only in a particular branch or department of medicine, to·wit: "the practice of obstetrics and diseases peculiar to women and children." If they did not have the right to do this, can it be said that "by force of law" her certificate will be made legal and will give her a wider power in the practice of medicine than was intended to be given her in the limited certificate issued to her by the board? The Medical Board of 1889 was not authorized to subdivide the practice of medicine into branches or departments and issue certificates to practice in such departments, but were only authorized to issue a certificate to practice medicine generally. If this be a correct construction of the Act of 1889, as contended for by defendants in error then we say, that the Medical Board as shown by its certificate issued to Dr. Taylor attempted to issue a certificate entitling the holder thereof to practice only in a particular branch or department of medicine; that said board had no authority to issue such certificate and its act in going beyond the authority given it by the law would render her certificate absolutely null and void and did not entitle the holder thereof to practice medicine at all. Therefore, the fact that she had attempted to practice medicine under a void certificate for nineteen years would not render her a legal practitioner of medicine and entitle her to a verification license.

*Dudley & Dudley,* for defendants in error.—When the certificate which was issued to Dr. E. C. Zindel was recorded in the office of the clerk of the District Court of Lamar County, where Doctor Zindel then resided, she was entitled to practice medicine by virtue thereof. (Sayles' Civil Statutes, article 3787). This privilege or license to practice medicine she could not be deprived of, except by due process of law. (Constitution of Texas, Bill of Rights, secs. 16 and 19; Ex parte Garland, 4 Wall. (U. S.), 333). It is a property right to charge and recover for her services. (Kenedy v. Schultz, 6 Texas Civ. App., 461; Railway Co. v. North, 87 S. W., 752.) It could only be revoked or taken away by the District Court in the manner and form as provided and upon the grounds set out in the statute. (See Acts of 1905, page 370, Acts of 1907, page 227).

Section 8 of the Act of the Legislature of Texas of 1901, page 14, which repeals the laws contained in Sayles' Civil Statutes, and provides for three Boards of Medical Examiners for the State, expressly excepts from the provisions of said Act all those who began the practice of medicine in this State after January 1, 1885, who had complied with the law regulating the practice of medicine, in force prior to the passage of said Act.

By section 6, on page 225, of the Acts of the Legislature of Texas 1907, under which the defendants are now acting, when either of the requirements or alternatives specified in said section are complied with, the verification license shall issue. The board has no discretion in the matter of issuing this verification license; the very term verification means to verify, confirm, substantiate something already done. (Black's Law Dictionary, pages 1216 and 1217).

Mr. Justice Williams delivered the opinion of the court.

The defendants in error, husband and wife, brought this action in the District Court to compel the plaintiffs in error, by mandamus, to issue to Mrs. Taylor, formerly Zindel, the verification license to practice medicine provided for by section 6 of the Act of 1907. (Laws 30th Leg., 224). The duty sought to be enforced depends mainly upon the effect to be given to a certificate issued to the female plaintiff in 1889 by a then existing district board of medical examiners which is as follows:

"This is to certify that we have, this the 15th day of March, 1889, examined E. C. Zindel and find her qualified to practice the branches of obstetrics, and diseases peculiar to women and children, as required by the laws of the State of Texas."

Under this the female plaintiff has practiced medicine since its date, but respondents, upon presentation of it as the basis for a verification, refused to issue any evidence of authority to practice except a license to practice obstetrics only, which refusal was the occasion of this action.

The provision of the Act of 1907, before referred to, requires the issuance by the present board of the "verification license" upon production of documents sufficient to establish "the existence and validity" of the "valid and existing license heretofore issued by previous examining boards." What the verification license is to be the law does not expressly say, but its name and the purpose for which it is required

plainly indicate that it is to be merely the evidence of the continuance of authority to practice as before, neither adding to nor taking from that authority. Preexisting lawful authority is thus recognized and continued in force by compliance with the law. This further appears from section 15 of the Act. Therefore if it is true that the first certificate was a valid license to practice medicine at all, either generally or in the branches mentioned in it, it must follow that the plaintiffs were entitled to a verification license to continue in force such authority as it had conferred. The question is controlled by the provisions of the Revised Statutes which formerly regulated the licensing of physicians, the provisions directly applicable being articles 3784 and 3785 as follows:

"It shall be the duty of said board to examine thoroughly all applicants for certificates of qualification to practice medicine in any of its branches or departments, whether such applicants are furnished with medical diplomas or not, upon the following named subjects, to wit: Anatomy, physiology, pathological anatomy and pathology, surgery, obstetrics and chemistry; but no preference shall be given to any school of medicine."

"When the board shall be satisfied as to the qualifications of an applicant, they shall grant to him a certificate to that effect, which certificate shall entitle the person to whom granted to practice medicine in any county, when the same has been recorded as required by article 3787."

Counsel for the parties agree that these provisions made it the imperative duty of the board to examine all applicants upon all the subjects mentioned in article 3784 and to grant license to none except those found qualified in all those subjects, whether the licenses applied for were general, or restricted to some branch or department, and we think there is no doubt of the correctness of that view.

Counsel for the board contend that the certificate granted to the female plaintiff shows by its statements that this requirement was not complied with and that it was issued upon a finding by the former board that she was only qualified in obstetrics and in diseases peculiar to women and children and that she was not qualified in the other subjects named in the statute. If it were true that the certificate showed all this it would probably follow that the board so transcended its authority in extending a license of any character as to make its action void, since it is true that the statute did not admit anyone to practice without the examination in all the prescribed subjects resulting in the satisfaction of the board of the applicant's proficiency therein. But we can not say that the certificate means that, consistently with the presumption that the board did its duty, which presumption we must indulge unless its action shows the contrary. The most that can be conceded is that a certificate so worded might be used to cover up a state of facts such as that which it is thus asserted to show affirmatively. It can not even be admitted that those facts would be fairly consistent with the truthfulness of the certificate, assuming the members of the board knew their duty. They say they have examined the applicant as required by law, which means that they have examined her in all the named subjects, and that they have

found her qualified to practice the branches named. They could not truly have said that she was so qualified, in the sense of the law they were sworn to follow, unless they were satisfied that she possessed the knowledge required by that law of all the prescribed subjects. All that renders the certificate ambiguous or questionable is the mention of particular branches, and that may be explained by the fact that the statute (article 3784) plainly contemplated that there might be applicants who intended to confine their practice to particular branches or departments, which made it natural and not improper, in such cases, to mention the branches or departments in the certificate, without restricting its meaning as to the scope of the examination and of the qualifications of the applicant. The statute proceeds upon the conviction that qualification to practice in any branch or department could only be attained through adequate knowledge of the subjects named, and we think it should be presumed that a board of medical gentlemen, selected because of their own proficiency, would proceed upon a like conception and would not issue a certificate affirming fitness to practice a branch without having satisfied themselves of the adequacy of the information of the person licensed concerning those things declared to be essential to that fitness. The language of article 3785, "when the board shall be satisfied as to the qualifications of an applicant, they shall grant him a certificate to that effect," means no more than that the certificate shall state they are satisfied as to his qualifications to practice medicine, and a certificate in that language would have entitled an applicant to practice in all the branches or departments or in particular branches or departments as he might choose. The certificate in question, if the board understood their duty and spoke the truth, implies as full an examination and as complete qualifications as if it had been the more general one just instanced, since, under the statute, no one could be qualified, as is certified, to practice in the diseases peculiar to women and children without the required knowledge of the subjects mentioned. the provisions referred to did not apply to females practicing midwifery. The fact that for so long a time the female plaintiff practiced under this license should, we think, remove whatever doubt might arise from the wording of the certificate, since it shows that such certificate has been acted upon and recognized as having the meaning we ascribe to it.

The question discussed in the opinion of the Court of Civil Appeals and in the argument before us, whether it entitles Mrs. Taylor to practice medicine generally or restricts her to the branches mentioned, is not involved. The respondents are not required to enlarge or diminish her authority, but only to issue to her a verification license to have the effect we have already explained. The judgment of the District Court only requires them to issue such a verification license as is required by the Act of 1907, "according to the provisions and wording" of the former certificate and to that we think the plaintiffs are entitled.

*Affirmed.*