**PARRISH, Mayor, et al. v. WRIGHT et al.***
(No. 2843.)

Court of Civil Appeals of Texas. Amarillo.
March 16, 1927.

Rehearing Denied April 6, 1927.

1. **Appeal and error** ⟾544(1)—Judgment on pleadings may be considered, though there is no evidence, no fact findings, agreed case, or statement of facts, and judgment was not by confession or after sustaining demurrer (Rev. St. 1925, arts. 2177, 2240, 2244; district court rule 47).

Though there is no evidence introduced, no agreed statement under Rev. St. 1925, art. 2177, no statement of facts on appeal under articles 2240, 2244, or findings of fact, and the judgment was not by confession or after sustaining demurrer, but was rendered on the pleadings upon an agreement in open court, it will nevertheless be considered under district court rule 47, since facts may be changed by agreement of counsel even in motion for rehearing in Court of Civil Appeals.

2. **Appeal and error** ⟾672—Overruling defendant's general demurrer and then giving plaintiff judgment on agreement in open court held not to present question of fundamental error.

A question of fundamental error is not presented when the court overrules defendant's general demurrer to plaintiff's pleading and then gives plaintiff a judgment upon an agreement in open court in accordance with the prayer of his petition.

3. **Mandamus** ⟾69—Plumbers, in city refusing to pass ordinances required to regulate. plumbing, held to have right to mandamus. compelling passage (Rev. St. 1925, arts. 1076–1081).

Where city refuses to pass ordinances required by Rev. St. 1925, arts. 1076–1081, regulating sewers, drainage, and plumbing, plumbers, who are citizens of such city, held to have right to mandamus to compel passage of such ordinances.

4. **Mandamus** ⟾69—County attorney held to have right to mandamus against city refusing to pass required ordinances regulating occupation of plumbing (Rev. St. 1925, arts. 1076 –1081).

Rev. St. 1925, arts. 1076–1081, requiring city to pass ordinances to regulate the occupation of plumbing and the city drain system, being mandatory, county attorney held to have right to mandamus to compel the passage of such ordinances.

5. **Municipal corporations** ⟾78—Statutes providing for ordinances regulating plumbing held mandatory on city chartered under home rule amendment to Constitution, notwithstanding charter provisions (Const. art. 11, § 5; Rev. St. 1925, arts. 1076–1078).

Rev. St. 1925, arts. 1076–1078, providing that cities pass ordinances regulating sewers, draining, and plumbing and elect plumbing inspector and create board of plumbers, held mandatory on city chartered under home rule amendment (article 11, § 5) to Constitution, notwithstanding charter provision that city commission might appoint and remove officers and create and discontinue boards at its discretion.

6. **Mandamus** ⟾69—Duties commanded by statutes requiring city to pass ordinances regulating sewers and plumbing and electing plumbing inspector held "ministerial" and enforceable by mandamus (Rev. St. 1925, arts. 1076–1081).

Mandamus held proper remedy to compel city to perform ministerial duties commanded by Rev. St. 1925, arts. 1076–1081, providing that cities shall pass ordinances regulating:

sewers and plumbing, electing plumbing inspector and creating a board of plumbers.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Ministerial.]

**7. Mandamus ⬅➡72—Mandamus may be invoked to compel reasonable exercise of official discretion.**

Mandamus is a proper remedy to compel a reasonable exercise of official discretion; it not necessarily following that, merely because a duty is discretionary, the writ will not lie.

**8. Mandamus ⬅➡69—Mandamus held proper and not doubtful remedy, making continuous supervision necessary in enforcing statutes requiring city to pass ordinances regulating plumbing (Rev. St. 1925, arts. 1076–1078).**

Mandamus is proper remedy to compel cities to pass ordinances regulating plumbing as required by Rev. St. 1925, arts. 1076–1078, and not a doubtful remedy which will require continuous supervision of the courts over municipal affairs.

**9. Mandamus ⬅➡69—That state might pass statutes creating plumbing board held no defense to mandamus proceeding to compel city to create board as required by statute (Rev. St. 1925, arts. 1076–1078).**

It is no defense to mandamus proceedings by county attorney to compel the city to pass ordinances regulating sewers and drains and electing plumbing inspector and creating plumbing board, as required by Rev. St. 1925, arts. 1076–1078, to assert that state has power to pass such regulative statute.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Mandamus proceeding by J. E. Wright and others against Pink I. Parrish, Mayor, and others, wherein Owen McWhorter, County Attorney of Lubbock County, intervened. Judgment for plaintiffs, and intervener and defendants appeal. Affirmed.

Bean & Klett and Robt. H. Bean, all of Lubbock, for appellants.

Bledsoe & Crenshaw, of Lubbock, for appellees.

HALL, C. J. [1] This is an appeal by the city of Lubbock and its officials from a judgment requiring them to pass an ordinance providing for the creation of an examining and supervising board of plumbers, in accordance with Revised Statutes 1925, arts. 1076 to 1081, inclusive. The case was not tried upon an agreed statement as provided for by Revised Statutes 1925, art. 2177, nor is there a statement of facts in the record on appeal prepared under either Revised Statutes 1925, art. 2240 or art. 2244. The judgment of the court recites:

"And it appearing to the court that there are no issues of fact, and that it is agreed to by all parties that the facts as alleged in the pleadings of the plaintiffs and intervener are true, and that the only issue to be determined by the court is one of law arising from the pleadings of the parties, and raised and presented by the general demurrer of the defendants to the pleadings of the plaintiffs and intervener; and it appearing to the court, after hearing the pleadings of all parties and the argument of counsel, that the laws and facts are for the plaintiffs and intervener, it is therefore considered, ordered, adjudged," etc.

These recitals in the judgment show that no evidence at all was introduced, not even the pleadings. It is not a judgment entered upon confession or after sustaining a general demurrer. The court filed no separate findings of fact, and did not state any facts in the judgment. In the absence of an agreed case, or a statement of facts prepared and authenticated as required by the statutes, it would ordinarily be our duty to affirm the judgment, because the rule has heretofore been that, after a case reaches the appellate court, neither an agreed case nor a formal statement of facts could be corrected, altered, or amended by agreement of counsel, even when concurred in by the trial judge (Holliday v. Cromwell, 26 Tex. 188; Taylor v. Campbell, 59 Tex. 315; Whitaker v. Gee, 61 Tex. 217; Trinity & S. Railway v. Lane, 79 Tex. 643, 15 S. W. 477, 16 S. W. 18; McDowell v. Fowler, 80 Tex. 587, 16 S. W. 431; M., K. & T. Railway Co. v. Fisher [Tex. Civ. App.] 47 S. W. 284, writ of error denied; Williams v. Young, 41 Tex. Civ. App. 212, 90 S. W. 940, writ of error denied; Grace v. Walker, 95 Tex. 39, 64 S. W. 930, 65 S. W. 482; Carlton v. Krueger, 54 Tex. Civ. App. 48, 115 S. W. 619, 1178; Rodrigues v. Priest [Tex. Civ. App.] 126 S. W. 1187, writ of error denied; Chickasha Milling Co. v. Crutcher [Tex. Civ. App.] 141 S. W. 355; Norwood v. McMillan [Tex. Civ. App.] 278 S. W. 331); but the rule now is that the facts may be changed by agreement of counsel, without the trial judge's concurrence, even in a motion for rehearing filed in this court (Oilmen's Reciprocal Association v. Gilleland [Tex. Com. App.] 291 S. W. 197); so, under the authority of that case and district court rule No. 47, we will consider the issues presented.

[2] A question of fundamental error is not presented when the court overrules the defendant's general demurrer to plaintiff's pleading, and then gives plaintiff a judgment upon an agreement in open court in accordance with the prayer of plaintiff's petition.

The suit was filed by appellee Wright and three other plumbers residing in the city of Lubbock, the plaintiffs alleging, in substance, in their petition, that in April, 1925, the city of Lubbock passed an ordinance as provided by Revised Statutes, arts. 1076, 1077, and 1078, and thereafter created an examining and supervising board, which functioned for several months, and until January 1, 1926, at which time the city passed another ordinance providing that thereafter no person,

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

firm, or corporation should be required to obtain a license before engaging in the business of plumbing in said city, and by said ordinance abolished the examining and supervising board. Plaintiffs alleged that they are resident citizens of Lubbock, and are journeymen and master plumbers; that, as resident citizens of said city, they are interested in the proper execution of its laws by those legally charged with the duty of enacting and enforcing such laws; that the city was chartered December 27, 1917, under the provisions of section 5, art. 11, of the state Constitution, and under the provisions of articles 1165 to 1182, inclusive, of Revised Statutes 1925, and as such has the power and authority to pass ordinances regulating and protecting the public health and welfare; that it is a city of more than 5,000 inhabitants, and maintains a system of underground sewers and cesspools which were required to be connected with the buildings in said city; that the business of plumbing is related to the health and welfare of the city, and that under the law plumbers are required to be either journeymen or master plumbers and experienced in such work; that articles 1076 to 1081, inclusive, require such cities and the defendants to pass ordinances regulating the matter of drainage and to create an examining and supervising board to examine and pass upon the qualifications of persons engaged in the business of plumbing, and that no license could issue to any person to pursue such business until after he had successfully passed an examination before said board; that the Penal Code 1925, art. 122, provides that any one pursuing the business of plumbing without a license shall be guilty of a misdemeanor and punished by a fine not less than $25 nor more than $200; that the Legislature has prescribed who shall constitute such examining board, and that the city has a city physician, a board of health, a city engineer, and a city inspector of plumbing who could be appointed as members thereof; that there are not less than ten master plumbers and more than twenty journeymen plumbers residing in said city, including the plaintiffs, who were willing to serve upon said examining board without compensation; that, as a result of the action of the city of Lubbock in repealing the first ordinance and in refusing to comply with the provisions of the statutes requiring the creation of an examining board, plaintiffs and other plumbers in said city were forced to either abandon their business or to violate the penal laws of the state by working at their occupations, thereby subjecting themselves to a criminal prosecution under said article of the Penal Code; that their occupations are thereby destroyed, and they are not permitted to pursue their business and calling in said city. It is further alleged that they had petitioned the mayor and commissioners of said city to establish said board, and that their petition had been rejected and denied.

The prayer of the petition is, in substance, that the court issue a mandamus requiring the defendants to pass such an ordinance or ordinances as will put into effect the provisions of the statute above referred to.

Before the hearing, the state of Texas, by Owen McWhorter, county attorney of Lubbock county, acting under the direction of the Attorney General, intervened, adopting the allegations of the plaintiffs' petition in so far as they were applicable to the state of Texas, and further alleged that the state was interested in the due observance of, and compliance with, its laws by the city of Lubbock, and their uniform application throughout the state; that other cities coming within the provisions of articles 1076 to 1081, inclusive, were complying with the provisions thereof; that said city in its governmental functions was subject to the control and legislation of the Legislature of the state, and that the intervener had an interest in the due observance of the laws passed by the Legislature for the government and control of said city, and all other cities of like kind; that the business of plumbing vitally affected the public health and welfare. The prayer of the intervener was substantially that of the plaintiffs.

The defendants pleaded, first, in abatement of the right of the original plaintiffs to maintain the suit, demurred generally to the petition and to the plea of intervention, denied the right of the county attorney to maintain the suit, and answered by general demurrers and general denials.

Upon a hearing, the court granted the petition of the plaintiffs and the intervener praying for a peremptory writ of mandamus commanding the appellants to enact an ordinance creating a board in accordance with the provisions of the statutes, and to further enact an ordinance requiring all plumbers to be examined and obtain a license before pursuing the business of plumbing in said city, and providing that the board should keep a register, as required by law, and that the licenses to be issued by it should be good for only one year and not transferable. It was further decreed that the ordinance should provide for the payment of such fee as the law required, and otherwise comply with the provisions of the statutes in the enforcement thereof.

[3, 4] Under the first and second propositions urged by the city, it is contended that neither the plaintiffs nor the intervener had the legal right to apply for a writ of mandamus requiring the city to enact the ordinances. The plaintiffs, being plumbers, alleged that they were citizens pursuing their occupation within the city limits; that they owned property in the city of Lubbock, and, because the ordinances had not been enacted and provision made for licensing them as the law contemplates, they were liable under the criminal statutes to prosecution. As we construe the language of the statutes referred to, they are

mandatory, and no discretion is left with the city council whether it shall pass the ordinances provided for. We think the right of the state to intervene and also the right of the plaintiffs to institute the proceeding is clear. Kimberly v. Morris, 87 Tex. 637, 31 S. W. 808; Porter v. State, 78 Tex. 591, 14 S. W. 794; McLaughlin v. Smith (Tex. Civ. App.) 140 S. W. 248; Boynton v. Brown (Tex. Civ. App.) 164 S. W. 893; Board of Medical Examiners v. Taylor (Tex. Civ. App.) 120 S. W. 574, Id., 103 Tex. 444, 129 S. W. 600; 18 R. C. L. "Mandamus" §§ 271, 272, 273, and 275.

[5] The next contention by the city is that the writ of mandamus is not available for the purpose of forcing the city to create the board, for the reason that the city's charter provides that the city commission may appoint and remove officers and create and discontinue boards and departments whenever the city commission shall deem it advisable, thereby manifesting an intention on the part of the Legislature to leave the enactment of such an ordinance discretionary with the city authorities. The city of Lubbock is chartered under the home rule amendment to the Constitution (article 11, § 5), which provides that no charter or ordinances passed under said charter shall contain any provision inconsistent with the general laws passed by the Legislature of this state.

The city of Lubbock has more than 5,000 population. A review of the history of the statutes under consideration demonstrates that these articles apply to all cities and towns in the state, whether organized under the general statutes, special charter, or the home rule amendment. The first act passed in relation to the business of plumbing was in 1897, being articles 617h to 617m, inclusive, of Sayles' Civil Statutes 1897. Article 617h read in part as follows:

"Every city of this state, having underground sewers and cesspools, shall pass ordinances regulating the tapping of such sewers or cesspools, regulating house drainage and plumbing, creating a board of examiners of plumbers," etc.

In response to the decisions of our higher courts these articles have since been amended. In the case of Caven v. Coleman (Tex. Civ. App.) 96 S. W. 774; Id., 100 Tex. 467, 101 S. W. 199, this statute was construed in 1907 as not being applicable to the city of Marshall, upon the ground that that city was operating under a special charter which gave it discretion with reference to the creation of offices and the appointment of officers.

Again, in 1908, in the case of Robinson v. City of Galveston, 51 Tex. Civ. App. 292, 111 S. W. 1076, the Court of Civil Appeals held that, in view of the fact that the city of Galveston had a special charter, the law was not applicable to that city, so in 1909 the Legislature amended this article by providing "that every city in this state whether organized under the general laws of the state or by special act of the Legislature, having underground sewers or cesspools, shall pass ordinances," etc. (Acts 1909, c. 90, § 1); and further provides that, in any city where there is no city inspector of plumbing provided by special charter, the board of commissioners or aldermen should elect such inspector, who should hold his office for such period of time as the board may fix. After this amendment the statute again came before the appellate courts for construction in City of Houston v. Richter (Tex. Civ. App.) 157 S. W. 189. In that case an injunction was sought to prevent the city of Houston from enforcing an ordinance with reference to plumbers, which it was claimed was in conflict with the state laws in regard to licensing plumbers. The city contended that, because it existed under a special charter, which gave it full power to enact all ordinances to protect the health, life, and property of its citizens, and which provided that "it was intended by this act to grant and bestow upon the inhabitants of the city of Houston full power of self-government," etc., the said law was not applicable, and therefore its ordinance was invalid. The Court of Civil Appeals held that the amendment by the Legislature of 1909 made the statute with reference to plumbing applicable to such cities as Houston, existing under special charters.

Again in 1914 the matter came before the appellate courts, and in the case of Davis v. Holland (Tex. Civ. App.) 168 S. W. 11, it was held that said law was applicable to the city of Dallas, notwithstanding the provision of its special charter giving such city authority to regulate the business of plumbing.

The Revised Statutes of 1925, art. 1076, again change the wording so as to read: "Every city in this state, *however organized*, having underground sewers or cesspools, shall pass ordinances," etc. This language is broader than any of the previous statutes, and we think includes municipal corporations having more than 5,000 population, whether organized under general laws, special charters, or the home rule amendment to the Constitution. It is frequently held that municipal corporations, which exist only in view of constitutional and statutory enactments, may be compelled by the Legislature to pass ordinances, especially such as affect the public health, convenience, and welfare. Huey v. Waldrop, 141 Ala. 318, 37 So. 380; City of Lebanon v. Creel, 109 Ky. 363, 59 S. W. 16; Steele, Mayor, v. Willis (Ky.) 64 S. W. 417; Douglas v. People, 225 Ill. 536, 80 N. E. 341, 8 L. R. A. (N. S.) 1116, 116 Am. St. Rep. 162.

The act has been held to be constitutional and mandatory as well. Caven v. Coleman, supra; Trewitt v. City of Dallas (Tex. Civ. App.) 242 S. W. 1073. Articles 1076 and 1077 do not command the performance by the city authorities of any discretionary duty. Article 1078 provides that such city shall create

a board for the examination of plumbers and the inspection of plumbing, and recites that the board shall consist of five persons, a member of the local board of health, if there be such a board, and, if not, then the city physician or city health officer, the city engineer, and the city inspector of plumbing. The allegations in the petition, which are admitted to be true, show that these officers have already been appointed by the city. The two remaining members of the board, as provided by this article of the statute, are to be "a master plumber of not less than ten years' active and continuous experience, and one journeyman plumber of not less than five years of such active and continuous experience." The petition shows that there are numerous plumbers coming within the description set out in the statute now residing in the city of Lubbock, who are willing to serve without compensation. The remaining articles of the statute relate to the proceedings of the board to be created, and have nothing whatever to do with the discretion to be exercised by the city commission.

[6, 7] The duties commanded by the first two articles of the statute referred to are purely ministerial, and the only duty which could be construed to be in any degree discretionary is in the selection of the two plumbers as members of the board. The trial court has not attempted to control this discretion by naming the individual plumbers who are to serve. The extent of the decree is to require the city commission to exercise their discretion to the extent of selecting the two members without attempting to name them.

As said in Ferris "Extraordinary Legal Remedies," §§ 206 and 207:

"A ministerial act is one which a person performs in a given state of facts and in a prescribed manner in obedience to the method of legal authority, without regard to his own judgment on the propriety of the act being done. The distinction between ministerial and judicial and other official acts is that, where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial; but, where the act to be done involves the exercise of discretion or judgment in determining whether the duty exists, it is not to be deemed ministerial. Although mandamus is the appropriate remedy to compel the performance of a duty which is plain, positive, and ministerial in character and clearly imposed by law, it does not necessarily follow merely because the duty is discretionary or that the element of discretion exists in part, that mandamus will not lie. The correct rule is that mandamus will not lie where the duty is clearly discretionary and the party upon whom the duty rests has exercised his discretion reasonably and within his jurisdiction; that is, upon facts sufficient to support his action.

"It is well settled that mandamus may properly be invoked to compel a reasonable exercise of official discretion where there is a failure or refusal to perform such duty resulting from an office, trust or station; that is, an officer may be compelled to act so far as is necessary to an actual exercise of his judgment or discretion in determining whether he ought to do or refrain from doing that which petitioner desires. Even though an officer have discretion, he cannot simply fold his hands and refuse to do anything. Boynton v. Brown, supra."

It is further contended that the writ of mandamus is not available for the purpose of requiring the city to enforce the state law providing for the examination of plumbers, for the reason that the remedy is doubtful and the enforcement thereof requires continuous supervision by the courts over the municipal affairs, thereby imposing upon the judicial branch of the government a legislative and administrative function in municipal affairs, contrary to the policy of our form of government; and it is further insisted that the state has no right by a mandamus to compel a city to pass a law which the state itself can pass, and because the state has a legal remedy by legislative enactment to provide for a state board of examiners, the city cannot be compelled to provide such a board.

[8] We do not assent to the proposition that the remedy provided by these statutes is doubtful, or that it will require continuous supervision of the courts over municipal affairs. It is true that circumstances may arise after the board has been appointed under which the courts will be called upon to compel performance of some of its duties by the board of examiners, but that is another question, and we have no such case before us.

[9] The contention that, because the state could itself pass the law, the county attorney cannot be heard to insist that the city be required to pass it, is rather a novel contention, but the fact that the right of the state to compel the city to pass such ordinances has already been passed upon by the higher courts, and the act has been declared to be mandatory and constitutional, does not require further discussion of that contention.

The judgment is affirmed.