## MASSACHUSETTS BONDING & INS. CO. et al. v. McKAY. (No. 7288.)

Court of Civil Appeals of Texas. Austin.
Oct. 31, 1928.

Rehearing Denied Nov. 21, 1928.

Burgess, Burgess, Chrestman & Brundidge and L. E. Elliott, all of Dallas, for appellants.

BAUGH, J. Appellee obtained a judgment against appellants, sureties on the bond of P. J. Sheehan, a licensed plumber in the city of Dallas, for damages to appellee's building as a result of defective plumbing work done thereon by said Sheehan. Sheehan was discharged in bankruptcy and judgment rendered only against the sureties on his bond. The damages recovered were for replacing plastering, releveling the house, and replacing free-hand decorating, made necessary because of leakage underneath the house from defective connections and materials.

The bond in question was executed by Sheehan in compliance with, and as required by, an ordinance of the city of Dallas. It was for the principal sum of $3,000, and protected both the city and the property owner for whom such work might be done. The first two paragraphs were for the protection of the city, and are not here in question. The third paragraph provided that all plumbing done by Sheehan, where connected with city sewer or city water lines, should conform to the rules and regulations of the plumbing code of Dallas, and that said Sheehan should immediately "rectify and remedy all work

done by him which does not comply with the rules and regulations governing plumbers and plumbing and with the plumbing code," when notified by the plumbing inspector of said city that his work did not comply with same; and further that, upon his failure to do so when so notified, "that the sureties hereon shall immediately remedy such. defects or have such defects remedied *when notified so to do*." (Italics ours.)

The fourth paragraph of said bond provides that said Sheehan shall, without cost to the party for whom the plumbing is being done, "remedy any defect in such work" due to faulty workmanship, incorrect construction, or faulty material furnished by said Sheehan, at any time within a year after such construction, to the satisfaction of the plumbing and gas pipe inspector, upon written notice of such inspector to him to do so; providing also that the opinion of said inspector as to the necessity of such reconstruction, etc., shall be binding and conclusive on all parties to said bond.

■ It is manifest that the bond in question has a two-fold purpose: (1) To protect the city against loss or injury to its streets, sewers, water pipes, etc.; and (2) (the matter with which we are here concerned) in addition to protection afforded the city to protect also the property owner against any additional expense to him in enforcing a complete compliance with the plumbing code of the city; and, in case of his failure to do so, to compel him to return to the job and remedy any defects or faulty construction on his part. Nowhere in the bond do we find any intimation that the surety or the principal bind themselves to protect the property owner against incidental damages which might result to his property from such defective construction. Under the terms of the bond the plumber is only required to comply with the plumbing code, its rules and regulations, and to "remedy defects" in the work actually done by him. We do not think this language can be extended or construed to include damages to a building only incidental to or flowing from such defective construction.

In the instant case it is admitted that, as soon as the defects were discovered, Sheehan was notified, returned to the job, and remedied the defects by making proper connections and replacing defective materials, and that the plumbing inspector thereupon inspected the same and approved it as being in compliance with the plumbing code. At no time were the sureties notified of any defects or called upon to remedy them. The first notice either of the sureties had of any claim for breach of the bond was by citation in this suit.

■ It is clear in our opinion that the bond in question did not cover the damages for which recovery was had in this case. Especially is this true as to the sureties, whose liability must be strictly construed under the terms of the obligation signed by them. They were not notified to make good any defects, as the bond expressly provided they should be; nor did they bind themselves to respond in damages to the property of individuals on whose premises defective plumbing might be done. They undertook only to secure on the part of their principal a full and complete compliance by him with the plumbing code, or to remedy any defects in his work when notified so to do, so as to make same comply with said code. When their principal did this, their undertaking was fulfilled. 9 Corpus Juris, 32; 21 R. C. L. 976; 13 Corpus Juris, 630.

■■ In a supplemental brief, appellants urge as fundamental error that the ordinance in question, requiring plumbers to execute a $3,000 bond in order to procure a license to carry on their business in the city of Dallas, is unconstitutional and void, and that therefore said bond executed pursuant thereto is of no force and effect. We think their contention in this respect is also good. In articles 1076 to 1081, R. S. 1925, the Legislature has required that plumbers in cities and towns of more than 5,000 inhabitants be licensed before they can operate, and has undertaken to regulate the manner in which such license shall be issued. The statute itself does not provide for any bond to be executed as a prerequisite to the conduct of a plumber's business. The Legislature having so regulated the matter by prescribing fully the manner in which plumbers should be licensed, the city of Dallas had no authority to impose additional burdens and requirements in the premises. This question was expressly decided by the Galveston Court of Civil Appeals, in Houston v. Richter, 157 S. W. 189. This holding was again expressly recognized in Xydias Amusement Co. v. City of Houston (Tex. Civ. App.) 185 S. W. 416. See, also, Parrish v. Wright (Tex. Civ. App.) 293 S. W. 659. And this general law of the state applies to the city of Dallas, irrespective of the provisions of its special charter. Davis v. Holland (Tex. Civ. App.) 168 S. W. 11; Parrish v. Wright, supra. Said ordinance imposing additional burdens to those required by the state law upon plumbers within that city was inconsistent with and in conflict with the state law, and was therefore void. It follows then that said bond given pursuant to such ordinance was likewise void.

■ We are not called upon to pass upon the validity of this purported bond as a common-law obligation. It was not executed voluntarily by the principal, but only in compliance with a void ordinance. It was intended only as a statutory bond, and was sued upon by the appellee only as a statutory bond. Nowhere in his pleadings does he seek to enforce it as a common-law obligation, but has relied upon it entirely as a statutory obligation. As such it is void.

For the reasons stated, the judgment of the

trial court is reversed, and judgment here rendered in favor of appellants.

Reversed and rendered.